### John Barr v. The State.

#### No. 4104.  Decided April 28, 1909.

#### Rehearing Denied June 9, 1909.

**1.—Assault to Murder—Charge of Court—Malice.**

Where upon trial for assault with intent to murder the court in defining malice followed a charge which has been frequently approved by this court, there was no error.

**2.—Same—Charge of Court—Reasonable Doubt—Burden of Proof.**

Upon trial for assault to murder, the court correctly charged that if the jury believed from the evidence beyond a reasonable doubt that the defendant on or about the time charged in the indictment, etc., with a deadly weapon and with malice aforethought did assault the party injured with the intent then and there to kill and murder him, etc., and that said assault was not made under the immediate influence of sudden passion produced by an adequate cause as explained in the charge thereafter, and not in defense of defendant against an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, to find the defendant guilty of assault with intent to murder. Overruling Bagley v. State, 103 S. W. Rep., 874.

**3.—Same—Charge of Court—Excluded Testimony.**

Where upon trial for assault to murder, certain testimony was excluded with reference to defendant's credibility, there was no error in the court's failure to charge the jury not to consider said testimony.

Appeal from the District Court of McLennan.  Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of assault to murder; penalty, ten years confinement in the penitentiary.

The opinion states the case.

*E. C. Street* and *Howell L. Taylor,* for appellant.—On question of

charge of court on reasonable doubt: Melton v. State, 47 Texas Crim. Rep., 451; 83 S. W. Rep., 822; Green v. State, 49 Texas Crim. Rep., 645; 98 S. W. Rep., 1063; Casey v. State, 49 Texas Crim. Rep., 174; 90 S. W. Rep., 1018; Bagley v. State, 103 S. W. Rep., 874; Spivey v. State, 45 Texas Crim. Rep., 496; 77 S. W. Rep., 445; Huddleston v. State, 54 Texas Crim. Rep., 93; 112 S. W. Rep., 64.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at ten years confinement in the State penitentiary.

Appellant complains of the following charge of the court: "Malice aforethought is the voluntary and intentional doing of an unlawful act, with the purpose, means and ability to accomplish the reasonable and probable consequences of it, done in a manner showing a heart regardless of social duty and fatally bent on mischief by one of sound mind and discretion, the evidence of which is inferred from acts committed or words spoken." Appellant insists that the charge above quoted is erroneous, because it does not authorize the jury to consider all the evidence before them, and that the charge limits the question of malice to acts committed or words spoken. The criticism is not correct, but the charge merely says that malice may be inferred from acts committed or words spoken. The charge has been frequently approved by this court.

Appellant further excepts to the following charge: "If from the evidence you are satisfied beyond a reasonable doubt that the defendant John Barr, on or about the time charged in the indictment, in the county of McLennan and State of Texas, with a deadly weapon, and with malice aforethought, did assault the said G. W. Tilley, with the intent then and there to kill and murder him, and you are further satisfied by the evidence, and beyond a reasonable doubt, that said assault was not made under the immediate influence of sudden passion, produced by an adequate cause, as the same is hereinafter explained to you, or not in defense of himself against an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, then you will find defendant guilty of assault with intent to murder, and so say by your verdict." This charge has been frequently approved by this court. Authorities cited by appellant are not in point, but upon other questions.

Appellant further insists that the court erred in failing to instruct the jury in its charge that the evidence of the witness G. W. Tilley, to the effect that defendant had served a term in the penitentiary, should not be considered by them for any purpose, the defendant not having taken the stand in his own behalf, and the court erred in overruling defendant's motion for new trial, assigning such failure to so charge as error. The statement of facts does not support appellant's

contention. Before approving the statement of facts the court states that he excluded this testimony from the consideration of the jury, and hence there was no necessity for charging upon it. We find no bill of exceptions in the record presenting this matter or any other question.

The same answer may be given to the question about the defendant breaking jail. The court said, in approving the statement of facts, that this was not considered. Furthermore, we know of no rule that requires this character of testimony to be limited. If appellant broke jail, and ran off, it is affirmative proof going to show criminality that does not have to be limited.

We find no error in this record authorizing a reversal of this case, and the judgment is in all things affirmed.

*Affirmed.*

#### ON REHEARING.

##### June 9, 1909.

BROOKS, JUDGE.—This case was affirmed on a previous day of this term, and now comes before us on motion for rehearing.

Appellant complains that the court erred in holding that the following charge of the court is correct: "If from the evidence you are satisfied, beyond a reasonable doubt, that the defendant, John Barr, on or about the time charged in the indictment, in the county of McLennan and State of Texas, with a deadly weapon, and with malice aforethought, did assault the said G. W. Tilley, with intent then and there to kill and murder him, and if you are further satisfied by the evidence, beyond a reasonable doubt, that said assault was not made under the immediate influence of sudden passion, produced by an adequate cause, as the same is hereinafter explained to you, and not in defense of himself against an unlawful attack producing a reasonable expectation or fear of death or serious bodily injury, then you will find the defendant guilty of an assault with intent to murder, and so say by your verdict." To support appellant's contention he cites us to the case of Bagley v. State, 103 S. W. Rep., 874. The Bagley case is practically in point in favor of appellant's contention, but after a careful consideration of the charge, in the light of said authority, we are constrained to believe that the authority is incorrect, and that the charge of the court in this case was a proper presentation of the law applicable to the facts of this case. So believing, the Bagley case is hereby overruled.

Appellant's motion for rehearing is accordingly overruled.

*Overruled.*