GORDON *v*. STATE.

Opinion delivered July 3, 1916.

1. CRIMINAL LAW—PHRASE "MALICE AFORETHOUGHT" DEFINED.— "Malice aforethought" defined as the voluntary and intentional doing of an unlawful act, with the purpose, means and ability to accomplish the reasonable and probable consequence of it, done in a manner showing a heart regardless of social duty and fatally bent on mischief, by one of sound mind and discretion, the evidence of which is inferred from acts committed or words spoken.

2. CRIMINAL LAW—ASSAULT WITH INTENT TO ROB.—When defendant manifests a present purpose to take from the person of another, the latter's property, not clandestinely but openly, and by means of the exercise of such force as may be necessary to overcome any resistance offered, the crime of assault to rob is committed.

Appeal from Prairie Circuit Court, Southern District; *Thos. C. Trimble*, Judge; affirmed.

*J. F. Wills,* for appellant.

A verdict should have been instructed that the State failed to prove the charge and to find for defendant. Kirby's Digest, § 2028. There is not a syllable of testimony as to the manner of the alleged "felonious, wilful and of malice aforethought," assault, nor of an assault at all. There must be force or intimidation. *Ib.*, § 2026. There was no evidence of assault, or ill feeling or malice. 99 Mich. 336.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee.

The testimony is amply sufficient and defendant's peremptory instruction was properly refused. 152 Mo. 124. The words "felonious," "wilfully" and "malice aforethought" have a well defined meaning. The defendant's theory of defense was properly submitted to the jury—it believed the testimony of the prosecuting witness.

SMITH, J. Appellant was indicted and convicted upon a charge of assault with intent to rob, alleged to have been committed upon and against the person of one T. H. Reed. By this appeal he questions the sufficiency of the evidence to support the verdict and the failure of the court to give instructions which, in effect, told the jury that the crime could not be committed without the use of force or intimidation, and that unless force or intimidation was used in the attempt to commit the crime, a conviction could not be had. The court, however, read the statute defining the crimes of assault with intent to rob and of robbery, and, in addition, told the jury that while appellant was not indicted for the crime of robbery, yet force was an essential ingredient of the crime with which he was charged, and that a conviction could not be had unless the proof showed that appellant had committed an assault on Reed with "the felonious intent then and there, him, the said T. H. Reed, to forcibly and feloniously rob," and that "there must be a felonious intent to rob, and it must be done by force before you can convict the party as charged in the indictment."

On the question of the sufficiency of the evidence, it may be said that Reed testified that he had lived two miles northeast of Hazen for forty-four years, that he had known the appellant ever since he was a little boy, and had seen him often, and knew him well. That, in November, 1915, he went to Hazen to sell some cotton. That he sold the cotton about sundown for $10.50. That he remained in town until about 10 o'clock that night, when he stopped in a restaurant where he heard some

music, and stayed about fifteen or twenty minutes. That appellant and another negro named Daniels were there, and that he gave Daniels some money and asked him to get him some whiskey, but that Daniels later returned the money, saying that he had been unable to procure any. That he started home about 10:30 at night, and as he was driving along the road, his team became frightened and as he checked it and looked back, he saw some one climbing in the wagon. . That appellant came up behind him and ran his right hand in his right pocket, and appellant then drew him back, when the seat turned over, and that appellant then went in his other pocket and snatched out a pocketbook containing about $8, and that he lost his cap in the scuffle. That the moon was shining, and as appellant turned the seat over, he looked squarely in his face and recognized him. He testified that he tried to keep appellant from getting his pocketbook, and that "he jerked his hand out of my pocket and jerked me backward," but that appellant never succeeded in getting his pocketbook until he fell, at which time he placed his hand in his pocket and pulled out the pocketbook.

The evidence on the part of appellant was to the effect that Reed was drinking and was under the influence of liquor. That he stopped in a colored restaurant, where he heard some musicians playing some waltz music, and that he proceeded to dance with appellant, who is a colored man, and that he gave another colored man money with which to buy whiskey, but he was unable to procure it. Appellant argues that Reed's condition was such and the circumstances under which the robbery was committed were such that Reed could not have identified appellant. Reed testified, however, that he did identify appellant, and the jury has resolved the conflicts in the evidence against appellant.

(1) It is further contended that the statute under which appellant was indicted contemplates a malicious striking or beating of the person with the intent to rob him, and it is argued that as "there is not one scintilla of evidence in this record to indicate, either expressly

or impliedly, that the party had the slightest ill feeling, or was in any manner angry toward Reed at any time," the jury was not warranted in finding that the act was committed with "malice aforethought." The phrase "malice aforethought" has been many times defined, and a number of these definitions are found under that title in Words & Phrases. Among the definitions there found is the following one:

"The phrase 'malice aforethought' was properly defined as 'the voluntary and intentional doing of an unlawful act, with the purpose, means and ability to accomplish the reasonable and probable consequence of it, done in a manner showing a heart regardless of social duty and fatally bent on mischief, by one of sound mind and discretion, the evidence of which is inferred from acts committed or words spoken.' Barr v. State, 120 S. W. 422, 56 Tex. Cr. R. 372."

We think this phrase as employed in our statute has the meaning given it by the Texas court.

This is not a case like that of Routt v. State, 61 Ark. 594, in which case the crime charged was committed by snatching money from another's hand, and where it was held that that action did not constitute the crime of robbery. In the case cited, however, it was said:

"Robbery, as defined by the text books and the previous decisions of this court, is a felonious and forcible taking of the property of another from his person or in his presence, against his will, by violence, or putting him in fear. And this violence must precede or accompany the taking of the property. Clary v. State, 33 Ark. 561; 1 Wharton's Crim. Law, § 846.

"The taking must be done through force or fear. 'If force is relied on in proof of the charge, it must be the force by which another is deprived of, and the offender gains, possession. If putting in fear is relied on, it must be the fear under duress of which the possession of the property is parted with. The fear of physical ill must come before the relinquishment of the property to the thief, and not after; else, the offense is not robbery.' "

(2)   We think the proof shows the exercise of sufficient force, not only to support the charge of assault to rob, but that it is sufficient to support the charge of robbery.

The law does not require that one be beaten up before he submits to the robbery to constitute the offense. It is sufficient if he yields because of this fear. Nor is one required to resist to the uttermost. The crime is committed if one exerts sufficient force to overcome the resistance encountered where the property is not taken surreptitiously. When there is manifested a present purpose to take from the person of another his property, not clandestinely, but openly, and by means of the exercise of such force as may be necessary to overcome any resistance offered, the crime of assault to rob is committed. This is not a case where the property was snatched from one's hand or obtained by artifice or trick; but one where there was the actual exercise of sufficient physical violence to overcome the resistance offered, and we must hold the evidence sufficient to sustain the conviction, and the judgment of the court below will, therefore, be affirmed.