Clary et al vs. State of Arkansas.

---

## CLARY ET AL V. STATE OF ARKANSAS.

1. CRIMINAL LAW: *Robbery—Value immaterial.*
   To constitute robbery the taking must be either directly from the person or in the presence of the party robbed, and must be by force, or a previous putting in fear. It is the previous violence or intimidation that distinguishes robbery from larceny. It is immaterial of what value the thing taken is.

2. INDICTMENT FOR ROBBERY.
   In an indictment for robbery it is sufficient to allege that the taking was done by violence, without alleging intimidation.

**3.** ——— ——— ———

    A Code indictment is the substance of the common law indictment, and must be direct and certain as regards the party charged, the offense, the county, and particular circumstances of the offense charged, where they are necessary to constitute a complete offense.

**4.** INDICTMENT : *Robbery—Larceny.*

    There can be no conviction for larceny under a bad indictment for robbery.

APPEAL from *Pulaski* Circuit Court.

Hon. W. F. HILL, Circuit Judge.

ENGLISH, C. J. :

James Clary, George Hall and Charles Hall were indicted in the Circuit Court of Pulaski county for burglary and robbery. On the first count, which charged them with breaking and entering a railroad car in the night time with intent to commit a felony, they were acquitted. They were found guilty on the second count, and the jury fixed their punishment severally at imprisonment in the penitentiary for seven years and six months. They filed a motion in arrest of judgment, which the court overruled.

On motion of the prosecuting attorney, and upon a showing made to the court (not disclosed by the record) the court reduced the punishment to five years imprisonment and sentenced them accordingly. They prayed an appeal, which was allowed by one of the judges of the court.

The second count of the indictment upon which appellants were convicted is literally as follows :

"The grand jury aforesaid, in the name and by the authority of the State of Arkansas, accuse said James Clary, Charles Hall and George Hall of the further crime of robbery committed as follows : The said James Clary, Charles Hall and George Hall, on the 4th day of November, 1878, in the county of Pulaski, and State aforesaid, feloniously and wilfully did make an assault upon one James Fisher, in bodily fear and

danger of his life then and there feloniously and wilfully and one pair of boots worth six dollars, one pair of shoes worth four dollars, a lot of painting tools to-wit: ten worth three dollars each, one valise worth six dollars, one hat worth four dollars, one pistol worth ten dollars, all the property of said James Fisher, then and there feloniously, wilfully and violently did seize, take and carry away with intent from the person of the said James Fisher, the said property from the said James Fisher to rob and steal, against the peace and dignity of the State of Arkansas."

The grounds of the motion in arrest were, that the facts alleged in this count did not constitute a public offense, etc., and that the allegations in the count did not constitute the offense attempted to be charged.

It is submitted by the Attorney-General, that though the count may not be good under the common law definition of robbery, it charges every material fact necessary to constitute robbery under our statute.

Robbery, the *rapina* of the civilians, is the felonious and forcible taking from the person of another of goods or money to any value, by violence or putting him in fear. The taking must be either directly from his person or in his presence to make it robbery. It is immaterial of what value the thing taken is. A penny as well as a pound thus forcibly extorted makes it robbery. The taking must be by force, or a previous putting in fear, which makes the violation of the person more atrocious than privately stealing, for, according to the maxim of the civil law, *qui vi rapuit, fur improbior esse videtur.* This previous violence or putting in fear is the criterion that distinguishes robbery from larceny ; for if one privately steals six-pence from the person of another, and afterwards keeps it by putting him in fear, this is no robbery, for the fear is subsequent, etc. Not that it is in deed necessary, though usual,

to lay in the indictment that the robbery was committed by *putting in fear*; it is sufficient if laid to be done by violence. And when it is laid to be done by putting in fear, this does not imply any great degree of terror or affright in the party robbed; it is enough that so much force or threatening by word or gesture be used as might create an apprehension of danger, or induce a man to part with his property without or against his consent. Thus, if a man be knocked down without previous warning and stripped of his property while senseless, though strictly he cannot be said to be *put in fear*, yet this is undoubtedly a robbery. *4 Blackstone's Com., 243-4.*

Robbery, says Mr. Archbold, is defined to be a felonious taking of money or goods from the person of another, or in his presence, against his will, by violence or putting him in fear. And this violence or putting him in fear must precede or accompany the stealing. (*In note.*) The words of the definition of robbery are in the alternative, "violence or putting in fear," and it appears that if the property be taken by either of these means, against the will of the party, such taking will be sufficient to constitute robbery. The principle, indeed, of robbery is violence, but it has been often holden, that actual violence is not the only means by which a robbery may be effected, but that it may also be effected by fear, which the law considers as constructive violence. *3 Arch, Cr., Prac. and Plead. 417, 418, 6 Ed.*

By Statute:—"Robbery is the felonious and violent taking of any goods, money, or other valuable thing from the person of another by force or intimidation; the manner of the force, or the mode of intimidation, is not material, further than it may show the intent of the offender." *Gantt's Digest,* sec. 1329.

The statute substitutes the word "*intimidation*" for the words "*putting in fear*" used in the common law definition of rob-

bery, but the definitions are substantially the same, the statute making no material change.

The Attorney-General further submits that though the count in question may be bad under the common law form of indictment for robbery, yet it may be good under the criminal code.

The following is a common law precedent:

"*Surry* (*to-wit*). : The jurors for our lord the King, upon their oath present, that A. O. late of etc. or etc., with force and arms, at etc., then and there in and upon one A. J., in the peace of God and of our said lord, the King, then and there being, feloniously did make an assault, and him the said A. J. in bodily fear and danger of his life then and there feloniously did put, and one gold watch, of the value of eighteen pounds of the goods and chattels of him the said A. J., from the person and against the will of the said A. J., then and there feloniously and violently did steal, take and carry away, against the peace of our said lord, the King, his crown and dignity." *3 Chitty*, Cr. L., 577, 806. *3 Arch, Cr. Prac. and Plead.*, (6 Ed.) 117.

Under the code the indictment may be substantially in the following form, after stating the court and parties in the caption : "The grand jury of Pulaski county in the name and by the authority of the State of Arkansas, accuse George Smith of the crime of (here insert the name of the offense) committed as follows, viz. : The said George Smith, on the —— day of ——, in the county aforesaid (here insert the acts constituting the offense) against the peace and dignity of the State of Arkansas."

It must be direct and certain as regards the party charged, the offense, the county, and the particular circumstances of the offense charged, where they are necessary to constitute a complete offense, etc., etc. *Gantt's Digest*, secs. 1775 to 1779.

---

Clary et al vs. State of Arkansas.

---

A code indictment is the substance of the modern common law indictment.  *Barton* v. *The State*, 29 Ark., 69.

Doubtless the count in question was drafted hastily and in the press of court business.  Its allegations as to the offense charged are confused and uncertain, and it falls below the standard of good common law or code pleading.

No doubt the intelligent prosecuting attorney who hurriedly drafted the count, could now deliberately make it a good charge for robbery, by adding some words, transposing parts of sentences and striking out parts of others, but he could not, neither can we, so alter an indictment after it is returned into court by the grand jury.

It is further submitted by the Attorney-General that if the count be bad for robbery it may be good for larceny.

Mr. Chitty says, if in the trial, it should appear that any of the circumstances of robbery are wanting, but the taking is proved, the defendant may be acquitted of the aggravated offense and found guilty of simple larceny.  *3 Chitty*, Cr. L. 806.

But that ought to be on a good count for robbery.

Perhaps on a trial for robbery, if the State fail to prove that the goods were taken from the person of the party charged to have been injured by putting him in fear, or by intimidation, or by violence, and proves that the goods were taken from his person, or presence, furtively, the accused might be convicted of larceny.   But in this case the appellants were indicted, tried, convicted and sentenced for robbery, on a count which we cannot approve as valid for any offense without degrading the standard of good criminal pleading, and setting a precedent to encourage unwarrantable looseness.

The judgment must be reversed, and the cause remanded with instructions to the court below to hold appellants to answer a new indictment, but not for the burglary of which they were acquitted in this case.