ROUTT *v.* STATE.

Opinion delivered January 25, 1896.

ROBBERY—SNATCHING MONEY FROM ANOTHER.—One who snatches money from another's hand, without using force or putting in fear, and subsequently uses a pistol to prevent the owner from regaining possession, is not guilty of robbery.

CRIMINAL LAW—MODIFICATION OF JUDGMENT ON APPEAL.—A conviction of robbery will be set aside by the supreme court on appeal, and the cause remanded for the trial court to sentence appellant for grand larceny, where the evidence is insufficient to support a conviction of the former, but clearly makes out the latter, offense, under Sand. & H. Dig. sec. 1064, empowering the supreme court to reverse or modify a judgment appealed from in whole or in part, and enter such judgment "as it may in its discretion deem just." (BATTLE, J., dissenting.)

Appeal from Lee Circuit Court.

H. N. HUTTON, Judge.

STATEMENT BY THE COURT.

The appellant, P. M. Routt, and one Jim Morgan, whom the evidence shows to have been gamblers and confidence men, obtained from C. F. Holt one hundred dollars in the following manner: They were passengers upon a train of the Cotton Belt railroad. Routt began a conversation with Holt, and exhibited some cards, saying that the boys had been using them for trick cards, and had won the cigars and drinks from him. He then, to use the language of a witness, "explained to Holt how the trick was worked." About this time Morgan entered the car where Routt and Holt were talking, Routt offered to bet him ten dollars that he could not draw a certain card. Morgan accepted the offer, and Routt asked Holt for a loan of ten dollars, at the same time nudging him with his knee. Holt pulled from his pocket a roll of bills containing

several hundred dollars. On the top of the roll was a hundred dollar bill, which Routt snatched from Holt's hand. Morgan then snatched it from Routt, and started out of the rear door of the car. Holt drew his pistol to prevent Morgan from escaping with his money. Morgan also drew his pistol, when Routt interceded, saying to Holt : "Don't shoot! Don't! I'll give you back your money." In this way he pacified Holt until Morgan left the car, and escaped with the money. There was no violence or display of force or threats of any kind, until Holt drew his pistol in his effort to prevent Morgan from leaving the car with the money. Routt was captured, and indicted for robbery. Upon trial the jury found him guilty of robbery, and assessed the punishment at ten years in the state penitentiary, and a judgment to that effect was rendered against the defendant.

*N. W. Norton*, for appellant.

The facts in this case do not make a case of robbery. There was neither force, violence, nor intimidation, preceding or accompanying the taking of the money. 58 Ark. 35. The sudden snatching or taking of property, without force, injury, or struggle, is not robbery. 2 Russ, Crimes, 68; Arch. Cr. Pl. 225; 3 Chitty, Cr. Law, 804; 1 East, Pl. Crown, p. 708; 4 Blackst. Com. (Chitty) 243. The basic principle of robbery is violence and fear. 3 Arch. Cr. Pr. & Pl. 417, note 3. Snatching is not robbery. Rapalje, Larceny, etc., p. 64, note 1; *State* v. *Sommers*, 12 Mo. App. See also 66 Ga. 167; Maxwell, Cr. Pr. p. 254, note 5 and 255; 64 Ind. 13.

*E. B. Kinsworthy*, Attorney General, for appellee.

1. Although a thief may secure money without violence or intimidation, if he remove it from the presence of the other by force, violence or intimidation, it is robbery. 70 Am. Dec. 176. The violence or intimida-

tion is sufficient if it is contemporaneous with the taking. 36 Pac. 571; 17 S. W. 658. While mere snatching is not robbery, yet, if there is an effort to keep it by force or intimidation, it is. 1 Whart. Cr. Law, sec. 854; 33 Ark. 561.

2. The manner of the force is immaterial. Sand. & H. Digest, sec. 1883. On motion to modify judgment, cites Sand. & H. Dig. sec. 1064; 56 Ark. 19; 34 *id*. 232.

As to what is robbery.

RIDDICK, J., (after stating the facts). The judgment of the circuit court must be reversed, for the facts in proof do not make out a case of robbery. Robbery, as defined by the text books and the previous decisions of this court, is a felonious and forcible taking of the property of another from his person or in his presence, against his will, by violence, or putting him in fear. And this violence must precede or accompany the taking of the property. *Clary* v. *State*, 33 Ark. 561; 1 Wharton's Crim. Law, sec. 846.

The taking must be done through force or fear. "If force is relied on in proof of the charge, it must be the force by which another is deprived of, and the offender gains, possession. If putting in fear is relied on, it must be the fear under duress of which the possession of the property is parted with. * * * The fear of physical ill must come before the relinquishment of the property to the thief, and not after; else, the offense is not robbery." *Thomas* v. *State*, 91 Ala. 36; 2 Bish. New Crim. Law, sec. 1175; *Rex* v. *Harman*, 2 East, P. C. 736. It is well established that the snatching of money or goods from the hand of another is not robbery, unless some injury is done to the person, or there be some previous struggle for the possession of the property, or some force used in order to obtain it. In an Indiana case the complainant was fraudulently induced by two confederates to expose

some money in his hands.   One of them then snatched
it from him, and ran away, while the other held him,
so that he could not pursue, and a struggle between them
ensued.   The court held that this did not constitute rob-
bery.   *Shinn* v. *State*, 64 Ind. 13, S. C.; 31 Am. Rep.
110.   We need not discuss the authorities further, for
there are numerous cases holding that where the prop-
erty is obtained by artifice or trick, or by merely snatch-
ing from the hand, and where the only display of force
is used to prevent the re-taking of the property by the
owner, the crime is not robbery.   *Thomas* v. *State*, 91
Ala. 36; *Shinn* v. *State*, 64 Ind. 13; 31 Am. Rep. 110;
*State* v. *John*, 69 Am. Dec. 777; S. C. 5 Jones, Law;
(N. C.), 163; *State* v. *McCune*, 70 Am. Dec. 176, and
note; *Rex* v. *Harman*, 2 East. P. C. 736; 2 Bish. New
Crim. Law, sec. 1167; 1 Wharton, Crim. Law, sec. 854.

In this case the money was obtained by snatching
from the hand.   There was no force, or display of force,
or putting in fear, until Holt drew his pistol to prevent
Morgan from leaving the car with the money.   Morgan
then drew his pistol, but this was done, not to force Holt
to surrender the possession of the money, for he had
already parted with it, but only to prevent him from re-
gaining possession.   The proof, we think, clearly shows
that Routt and Morgan were guilty of larceny, but it is
not sufficient to sustain a conviction of robbery.

The judgment of the circuit court is reversed, and
the cause is remanded for a new trial.

ON REHEARING.

Opinion delivered February 22, 1896.

RIDDICK, J.   After the judgment of reversal was
entered in this case, the attorney general filed a
motion to modify the judgment.   He asked that the
case be remanded, not for a new trial, but with an
order that the circuit court sentence the defendant

*Modification
of judgment
on appeal.*

for the crime of grand larceny. Our statute provides that "the supreme court may reverse, affirm or modify the judgment or order appealed from, in whole or in part, and as to any or all parties, and when the judgment or order has been reversed, the supreme court may remand or dismiss the cause, and enter such judgment upon the record as it may in its discretion deem just." Sand. & H. Dig. sec. 1064. We have twice held that this statute applies to judgments in criminal as well as civil cases. *Simpson* v. *State*, 56 Ark. 19; *Brown* v. *State*, 34 Ark. 232. In the case last cited the circuit court rendered judgment against Brown that he be imprisoned for the term of two years in the penitentiary. This court modified that judgment by reducing the imprisonment to one year. In *Simpson* v. *State, supra,* the jury found the defendant guilty of murder in the first degree. Upon an appeal it was held that the evidence did not sustain a verdict for murder in the first degree. The sentence for murder in the first degree was therefore set aside, and the cause remanded to the circuit court with directions to sentence the prisoner for murder in the second degree. A ruling the same in principle was made by the supreme court of the United States in the recent case of *Ballew* v. *United States*, 160 U. S. 187. See, also, opinion of Mr. Justice Field *In re Bonner*, 151 U. S. 260.

The charge of robbery made against the defendant in this case includes larceny. The indictment alleges the value of the money taken to be one hundred dollars, and under this indictment the defendant might have been convicted of grand larceny. *Haley* v. *State*, 49 Ark. 147; *Allen* v. *State*, 58 Ala. 98; *Com.* v. *Prewitt*, 82 Ky. 240; *State* v. *Jenkins*, 36 Mo. 372; 1 Bish. New Crim. Law, sec. 795. As the indictment for robbery includes a charge of larceny, it follows that the jury,

in finding the defendant guilty of robbery, must have found the defendant guilty of larceny, and also of the aggravating matter which, together with the larceny, makes robbery. 2 Bish. New Crim. Law, sec. 1159. There is no question or doubt about the value of the property taken. It was over ten dollars, and, if the defendant is guilty of larceny, it is grand larceny.

We have said that the evidence does not sustain the charge of robbery, but that it does clearly make out a case of grand larceny. The fact that the defendant was found guilty of a greater crime than was warranted by the evidence does not compel us to set the entire conviction aside when it is in part clearly correct. It was to avoid such an unreasonable and costly procedure that the statute above referred to was enacted. The defendant in this case was sentenced to be imprisoned for ten years, when the maximum punishment for larceny of money is imprisonment for five years. Under the statute and the authorities cited above, we will relieve the defendant from the excessive judgment, of which he has a right to complain, but affirm the conviction to the extent that it seems clearly right. The judgment of imprisonment for robbery is set aside, and the cause remanded, with an order that the circuit court sentence the prisoner for grand larceny.

BATTLE, J., dissents, for the reasons given in the dissenting opinion in *Simpson* v. *State*, 56 Ark. 19.