THE STATE v. ALBERT HOLMES, Appellant. — 295 S. W. 71.

Court en Banc, May 23, 1927.

1. WRONGFUL CONVICTION: By Evidence Showing Different Offense: Point How Saved for Review. The point that the information charged one crime and that proof tended to establish a different crime, is sufficiently saved for review on appeal by a motion in arrest setting forth such assignment and charging that the judgment is illegal and unwarranted, either by the law or the evidence; and particularly so, where the assignments in the motion for a new trial assail all the given instructions as erroneous.

2. ROBBERY: Taking without Putting in Fear. The taking without violence to the person and without putting in fear does not constitute the crime of robbery. Where the defendant came to the residence of prosecutrix, who had diamonds for sale, and under the pretense of desiring to purchase was shown them by her and after examining them asked her to get him a glass of water so that he could see how they looked when placed in water, and she, leaving the diamonds in his hand, went to the kitchen, where he followed her and, drawing a revolver, drove her to the basement and locked the door, and thereupon left, taking the diamonds with him, his crime was not robbery, because the taking occurred before he put her in fear.

3. ————: Subsequent Fear or Violence. To constitute robbery the fear or violence must either precede or be contemporaneous with the taking. Both by statute and generally it is essential to a perpetration of the crime of robbery that the taking be accomplished by violence or by putting in fear, and the violence or the putting of another in fear of injury to his person must either precede or be contemporaneous with the taking; otherwise, the crime is larceny. Possession of property obtained by artifice or a trick, and later retained by force or threats of violence, is not robbery.

4. ————: ————: Constructive Possession: Manucaption: Larceny. To constitute robbery, the manucaption, that is, the taking by the hand, must be accomplished by violence to the person who previously had the property in his physical possession or by putting such person in fear of immediate fear of injury to his person. And such person must have had the actual possession of the property at the time of the taking. Constructive possession does not come within the meaning of the statute. If the defendant came to the dwelling house of prosecutrix who had advertised diamonds for sale, and she placed them in his hands and did so because he pretended to want to buy them and to examine them before buying, and at his request she went into another room to get some water in order that he might see how they looked when placed in water, leaving them in his hands, and he followed her, drew a revolver, drove her into the basement, locked the door, and then escaped, taking the diamonds with him, it cannot be held that he constructively took them out of her possession after or immediately at the time he drew his revolver and overpowered her, or overawed any resistance she might have been inclined to offer. But his crime was larceny, and as the information included within its terms all the elements of a proper charge of grand larceny the jury should have been instructed that they might convict of that crime, and directed to acquit of the crime of robbery.

Corpus Juris-Cyc. References: Criminal Law, 17 C. J., Section 3336, p. 72, n. 73; Section 3349, p. 88, n. 51. Robbery, 34 Cyc., p. 1799, n. 21, 22.

Appeal from Jackson Circuit Court.—*Hon. Nelson E. Johnson*, Judge.

REVERSED AND REMANDED.

*J. Francis O'Sullivan* and *Isadore Rich* for appellant; *O. H. Stevens* and *Thomas J. Gill, Jr.*, of counsel.

(1) Defendant's demurrer to the evidence should have been sustained and a verdict should have been directed for the defendant, because the uncontradicted evidence showed that the taking of the diamonds was accomplished without violence to the person of Mrs. Newell, and without putting her in fear of any immediate injury to her person, the taking preceding any force or intimidation. Sec. 3307, R. S. 1919; State v. Parker, 262 Mo. 169, 170 S. W. 1121, L. R. A. 1915C, 121; State v. Spivey, 204 S. W. 261; State v. Cantrell, 234 S. W. 802; Sutton v. State, 258 S. W. 634; Montsdoca v. State, 93 So. 159; Howard v. Comm., 248 S. W. 1060; Colby v. State, 46 Fla. 112, 110 Am. St. 87; Routt v. State, 61 Ark. 594; Harrison v. State, 43 Ohio St. 376; Brennon v. State, 25 Ind. 403; Dawson v. Comm., 74 S. W. 701; Jones v. Comm., 74 S. W. 263; Comm. v. Prewett, 84 Ky. 240; 4 Blackstone Com., p. 242; Stewart v. People, 224 Ill. 434; Burke v. People, 148 Ill. 70; Hall v. People, 171 Ill. 540. (2) The court erred in giving the instruction numbered one on robbery, that being the main instruction in the case, for the reason that there was no evidence upon which to base it. State v. Parker, 262 Mo. 178; L. R. A. 1915C, 121; Schroeder v. People, 196 Ill. 211; 24 Am. & Eng. Ency. Law (2 Ed.) 999; 1 McClain's Criminal Law, sec. 469; State v. Sommers, 12 Mo. App. 374; Kelley's Criminal Law, 629; Thomas v. State, 91 Ala. 34; People v. Stevens, 141 Cal. 488, 75 Pac. 62; 34 Cyc. 1799; Spencer v. State, 106 Ga. 692.

*North T. Gentry*, Attorney-General, and *A. M. Meyer*, Special Assistant Attorney-General, for respondent.

Under the evidence, the defendant was guilty of robbery. People v. Glynn, 54 Hun. (N. Y.) 332, 7 N. Y. Supp. 555, 123 N. Y. 631; Clark v. State, 220 S. W. 100; James v. State, 53 Ala. 387; Hill v. State, 145 Ala. 60; 2 Bishop's New Cr. Law (9 Ed.) par. 1178; Tiller v. State, 32 Ohio Cir. Ct. Rpt. 704; McNeal v. State, 29 Ohio L. J. 185; Sec. 3307, R. S. 1919; Turner v. State, 1 Ohio St. 432; Note to Monaghan v. State, 46 L. R. A. (N. S.) 1149; Note to Jones v. Com., 57 L. R. A. 432; State v. Williams, 183 S. W. 308.

BLAIR, J.—Appellant was convicted of robbery in the first degree, was sentenced to a term of ten years in the penitentiary, and has appealed.

Appellant offered no testimony. Only three witnesses were offered by the State. The uncontradicted evidence is that in February, 1924, two men answered an advertisement of S. H. Newell and wife that they had diamonds for sale. These men came to the Newell home in Kansas City, and examined said diamonds in the presence of Newell and his wife. For reasons not now important, they did not buy. About a week later, one of the men, sufficiently, but somewhat unsatisfactorily, identified as appellant, returned to the Newell home and asked to see the diamonds again with a view to buying them. He was admitted to the home by Mrs. Newell. Her husband was absent.

After some further examination of the diamonds, appellant asked Mrs. Newell to get him a glass of water so that he could see how they looked when placed in the water. Leaving the diamonds in appellant's hands, Mrs. Newell went to the kitchen. Appellant followed her and, drawing a revolver on her, drove her with her baby into the basement and locked the door. She was unable to get out until he had made his escape, taking the diamonds with him. The value of the diamonds aggregated about $400.

The foregoing sufficiently outlines the facts to understand the one question in the case which we will consider. That question is: Do the facts outlined constitute the crime of robbery? We have concluded that they do not. The evidence affirmatively shows that the taking of the diamonds was accomplished without violence to the person of Mrs. Newell and without putting her in fear of immediate injury to her person. The taking occurred before Mrs. Newell was put in fear.

The point has been sufficiently raised by the motion in arrest, under the assignments that the information charged one crime and the proof tended to establish a different crime and that the judgment against appellant is illegal and unwarranted, either by the law or the evidence in this case. The same point is also raised by the assignment in the motion for new trial that the court erred in giving all of the instructions.

The information was drawn under Section 3307, Revised Statutes 1919. Under that section the *taking* of the property must be not only against the will of the owner, but also must be accomplished either by violence to his person or by putting him in fear of some immediate injury to his person. There could not possibly be any contention that the taking was accomplished by violence to the person in this case. The putting in fear occurred after the physical taking of the property by appellant.

In Kelley's Criminal Law and Practice (3 Ed.) sec. 631, it is said: "The fear must in all cases precede the taking; for, if a man private-

ly steal money or property from the person of another, and afterward keep it by putting him in fear, this is no robbery, but larceny only.''

In 34 Cyc, 1799, it is said: "It is further essential in the perpetration of this offense that the taking be accomplished by violence or by putting in fear. . . . The violence or intimidation in robbery must precede or be contemporaneous with the taking of the property.''

We quote from Volume 2, Archbold's Criminal Practice and Pleading (Waterman's Notes), page 508, as follows:

"It may also be observed, with respect to the taking, that it must not, as it should seem, precede the violence or putting in fear; or, rather, that a subsequent violence or putting in fear will not make a precedent taking, effected clandestinely, or without either violence or putting in fear, amount to robbery. Thus, where a thief clandestinely stole a purse, and, on its being discovered in his possession, denounced vengeance against the party if he should dare to speak of it, and then rode away, it was holden to be simple larceny only, and not robbery, as the words of menace were used after the taking of the purse. [Harman's case, 1 Hale, 534.] But if the purse had been obtained by means of the menace, the offense would have amounted to robbery. By Lord Mansfield, in Donally's case, 2 East P. C., c. 16, sec. 130, p. 726.''

In Bishop on Criminal Law (9 Ed.) sec. 1175, it is said: "The fear of physical ill must come before the relinquishment of the thing to the thief, not after; else the taking is not robbery.''

A case very similar in its facts to the case at bar is Thomas v. State, 91 Ala. 34. We quote from the syllabus, which accurately states the substance of the facts and the rule announced in the opinion, as follows: "A conviction cannot be had for robbery, on evidence showing that the defendant obtained the possession of the property by fraud or artifice, and retained it by force or threats of violence; as when, meeting a youth with a gun in his hand, he asked to examine it with a view to purchasing it, and the gun being handed to him, with the remark that it was loaded, he pointed it at the owner, threatened to shoot if he did not run, and himself ran away with the gun when the owner had backed off some distance.''

In Dawson v. Commonwealth, 74 S. W. (Ky.) 701, the syllabus, fully supported by the opinion, reads as follows: "One who stealthily placed her hand in the pocket of another, and took therefrom, without using any force or violence, a sum of money, was guilty of larceny merely, though after the taking, while the owner made an effort to regain his property, she drew a pistol, and threatened violence.''

In Routt v. State, 61 Ark. 594, it is said: "One who snatches money from another's hand, without using force or putting in fear, and subsequently uses a pistol to prevent the owner from regaining

possession, is not guilty of robbery'' — Syllabus.  See also Clary v.
State, 33 Ark. 561, 1. c. 563.

We have found no Missouri cases directly in point on the facts.
Neither have we found any which lay down a contrary rule.  State
v. Sommers, 12 Mo. App. 374, was a case where defendant attempted
to snatch a woman's purse containing $450 in money.  The court di-
rected the jury to acquit of grand larceny and instructed the jury up-
on felonious attempt to steal.  Appellant contended that there should
have been an instruction on an attempt to rob.  In overruling this
contention, BAKEWELL, J., said: ''We are of opinion, moreover, that
there was evidence from which the jury might fairly find an attempt
to steal as distinguished from an attempt to rob.  To constitute
robbery the party must be put in fear or there must be violence.  It
may be difficult to determine what degree of violence is necessary to
constitute the offense.  Where a man walking after a woman in the
street, snatches her shawl from her person, though he uses consider-
able violence, it is said this is not robbery; and so, where a person
snatches another's watch from his fob, and got it after a scuffle.  [Rex.
v. Gnosil, *supra*.]  And this, for the reason that where the violence
is used, not to overpower the person robbed, but only to get the prop-
erty, there is no robbery.  At any rate it seems to be now held that
sudden snatching of property from a person is not robbery, if there
is no struggle and no injury done to the person robbed.''

Under the text-books and the cases considered, the taking—the
*manucaption,* which literally means the taking by the hand—must be
accomplished by violence to the person who theretofore had the prop-
erty in his possession or must be accomplished by putting such person
in fear of immediate injury to his person.  It will not do to say that
Mrs. Newell constructively had possession of the diamonds and that
appellant constructively took them out of her possession after or
immediately at the time he drew his revolver and overpowered her or
overawed any resistance she might have been inclined to offer.  The
fact that appellant was actually holding the diamonds in his hands
at the time and before he drew the revolver upon Mrs. Newell, con-
clusively proves that he had accomplished *manucaption* before he
put her in fear.

Prior to the case of Thomas v. State, *supra,* there was a case in
Alabama, James v. State, 53 Ala. 380, which went off on the theory
of constructive possession and taking.  The Supreme Court of Ala-
bama expressly overruled the James case in deciding the case of
Thomas v. State.  In the James case, defendant had been carrying
for the prosecuting witness the articles which he afterward stole from
him.  He suddenly struck down the prosecuting witness and made
away with the property.  The court had there held: ''Up to the time
of the blow, there was no appropriation of these articles by the de-

fendant, or denial of the property of witness in them. They were in the presence, and constructively in the possession of witness. The defendant may have well supposed he could not get away with them, they being heavy, without first knocking down and disabling their owner. And although they were in the hands of the defendant, carried by him at the request of the owner, they were not taken from him, he being constructively in possession, and they being in his presence, as his property, until he was stricken by defendant and knocked down. The violence was not done after the goods were taken away, but they were taken away after and by means of the violence to the person of the owner.''

In overruling the James case the Supreme Court of Alabama said in the Thomas case: ''No authorities are cited to these propositions; and it is believed none can be found in the books. The chief fault of the opinion lies in the assumption that the crime of robbery may be committed against such constructive possession as a man has through his agent. We do not so understand the law. The offense is against the actual possession, in the very nature of things. The person offended against must have either the manucaption of the property, or it must at least be in his presence, *and under his direct physical, personal control;* and the taking, which is an essential element of the crime, must amount to the transfer of this manucaption or personal control, by force or through fear, from the owner into the criminal. How is it possible for this to be done when this actual possession is already in the offender? How can he take from the owner that which he already had, and the owner has not? . . . We can not follow the James case; but, receding from it, we hold, in consonance with the authorities cited, and with what we conceive to be eminently sound in principle, that violence or putting in fear, to constitute the essential factor in the crime of robbery, must precede, or be concomitant with, the taking of the property from the possession of the owner; and that no violence, no excitation of fear, resorted to merely for the purpose of keeping a possession already acquired, or of escaping after the possession has been acquired, will supply the element of force which is an essential ingredient of this offense.''

The Alabama Supreme Court has correctly declared the law in the Thomas case. Under the language of our own Section 3307, no other conclusion is possible than that the taking of the physical possession of the property must be by violence or by putting in fear. Such violence or putting in fear must precede or be contemporaneous with the taking. Such element being absent in the case at bar, appellant was guilty of no greater crime than that of grand larceny.

On the evidence in the record before us, an instruction on robbery was unauthorized. There was no evidence to sustain the verdict finding appellant guilty of robbery and judgment on such verdict

should have been arrested. The information included within its terms all the elements of a proper charge of grand larceny and the court should have instructed the jury that it might convict of that crime and should have directed an acquittal of the crime of robbery.

The judgment is reversed and the cause remanded for retrial. *Walker, P. J.,* and *White, J., dubitante.* There being no opinion case is transferred to Court en Banc.

PER CURIAM:—The foregoing opinion of *Blair, J.,* in Division Two is adopted as the opinion of the Court en Banc. All concur, except *White, J.,* who dissents.