**STATE of Missouri, Respondent,**

v.

**Fred Lee DULANEY, Appellant.**

No. 52893.

Supreme Court of Missouri, Division No. 2.

June 10, 1968.

James A. Bell, St. Louis, for appellant.

BARRETT, Commissioner.

Fred Lee Dulaney, with a prior felony conviction of murder, has been found guilty of robbery by means of a dangerous and deadly weapon (RSMo 1959, §§ 560.-120, 560.135, V.A.M.S.) and his punishment fixed at ten years' imprisonment.

In the trial of the cause his employed counsel stipulated the fact of the prior conviction and no point was made in the trial of the cause to his prosecution as a second offender (RSMo 1959 Supp. § 556.-280, V.A.M.S.) until his motion for a new trial. In that motion his assignment is that "the prior conviction act that defendant was sentenced under is so written that it denies the defendant the equal protection of the law and due process of the law." In his brief here, unsupported by the citation of authority, it is asserted that "the prior conviction under which the defendant was tried denies to the defendant the equal protection of the law as guaranteed by the Fourteenth Amendment to the Constitution of the United States in that it is a special class legislation that applies to him in one manner and to others charged with similar crimes in another manner, wherein, the Jury assesses punishment without prior convictions and does not where there is a conviction." Needless to say, the claim of unconstitutionality was not timely and properly raised in the trial of the cause and the assignment in the motion for a new trial is wholly lacking in meaningful specificity. Criminal Rule 27.20, V.A.M.R. Nevertheless, the constitutionality of the second offender law has been challenged heretofore and determined adversely to all of the appellant's present claims. State v. Morton, Mo., 338 S.W.2d 858; Annotations 132 A.L.R. 91, 139 A.L.R. 673.

These were the circumstances of the charge and conviction: On August 12, 1966, at 1:20 a. m., as a rookie off-duty policeman approached Cora and Easton Avenues in his automobile he saw several

Norman H. Anderson, Atty. Gen., L. Michael Lorch, Asst. Atty. Gen., Jefferson City, for respondent.

people "standing around" and he could see one man down on the sidewalk and another man kicking him. He parked his automobile, identified himself to the group and was about to interfere in the affray when he saw that the man doing the kicking "had a revolver on his right side." As the policeman "reached back in my pocket for my revolver," he looked back and saw the defendant "who had the gun in my back. * * * I could feel the object in my back at that time. I turned around and looked at him." The defendant took the policeman's gun from its holster and "began to back away with the revolver pointed toward me." The defendant backed to the corner of the filling station wall and disappeared. The defendant was arrested August 18, 1966, and the patrolman's gun of the value of "around $48.00 or $50.00" was found, inexplicably, in a brown paper sack in "the garage area of the 9th Police District."

In connection with these facts and circumstances the appellant makes three points: First, he says that the evidence did not establish all the elements of robbery in that "the state did not show that (the) victim * * * was placed in any apprehension of fear before the gun was taken." Second, he says that there was no definite proof that the value of the gun was $50.00 or more and so the court did not "instruct on all the law applicable to the cause." And third, since it was charged in the information that the pistol was the property of the Metropolitan Police Department and was taken "from the person" of the officer that it was manifest error not to give an instruction on "stealing from the person."

■ As to the second claim, if the record supports the charge of robbery by means of a dangerous and deadly weapon the value of the property taken, if it has any value, is immaterial—it certainly does not require an instruction on larceny or stealing less than $50.00. State v. Churchill, Mo., 299 S.W.2d 475, 478; State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75. The

appellant's first point as to fear ignores these questions and answers: "Q. At the time the gun was put in your back, what did you think at that time? A. Well, I thought he was going to shoot me. * * * Q. Were you afraid? A. Yes, I was afraid after he put the gun in my back." The defendant here employed a deadly weapon, a gun, and by reason of the plain implication of its use there was proof of force, violence and fear as well as all the essentials of robbery in the first degree. State v. Hawkins, Mo., 418 S.W.2d 921; State v. Ray, Mo., 354 S.W.2d 840; State v. Thompson, Mo., 299 S.W.2d 468. By the same token the record here does not support the inference of a mere sudden snatching of the gun (State v. Sommers, 12 Mo.App. 374) or even a strong-arm robbery (State v. Spivey, Mo., 204 S.W. 259) or an instance of only such force as would be exerted in filching money from a victim's pocket by the use of a hand (State v. Parker, 262 Mo. 169, 170 S.W. 1121, L. R.A.1915C, 121), the record here supports the charge and finding that the violence and fear preceded or was contemporaneous with the taking, in short, that the taking was accomplished by means of the robbery. State v. Clemons, 356 Mo. 514, 202 S.W.2d 75. Compare State v. Holmes, 317 Mo. 9, 295 S.W. 71, 58 A.L.R. 652.

■ The appellant's remaining assignment of error has to do with portions of the state's argument to the jury which he says is an invasion of his constitutional right against self-incrimination (Const.Mo. Art. I, § 19, V.A.M.S.) and his statutory protection of that right that if the accused does not testify the fact shall not "be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place." RSMo 1959, § 546.270, V.A.M.S., Criminal Rule 26.08; State v. Conway, 348 Mo. 580, 154 S.W.2d 128. It is not necessary to elaborate upon this claim, the language objected to is this: "The State put on three witnesses and the

gun. Against that he had nothing; absolutely nothing." At another point: "We used to have a saying in law school that you have to argue something, and when you have absolutely no evidence on your side —and that's what you got here, what you got here—."

This is another of those borderline arguments (State v. Varner, Mo., 329 S.W.2d 623, 633), the defendant did not testify and he offered no evidence. But in similar circumstances it has been held that almost identical arguments did not refer to or constitute an infringement of an accused's failure to testify. State v. Hayzlett, Mo., 265 S.W.2d 321; State v. Perkins, Mo., 382 S.W.2d 701, 705; State v. Michael, Mo., 361 S.W.2d 664, 666; State v. Hite, Mo., 298 S.W.2d 411; State v. Hardy, 365 Mo. 107, 114, 276 S.W.2d 90, 95. It may only be said that these cases have modified if they have not overruled State v. Ferrell, 233 Mo. 452, 136 S.W. 709, in which the defendant "was sworn and testified that he did not fire the shot which killed the deceased, *but made no explanation of many facts which pointed to his guilt.*" (Emphasis supplied.) The prosecuting attorney seized upon and vigorously argued the defendant's very limited explanations and it was held that his argument "exceeded the legitimate bounds of argument at four different times." But, as indicated, the argument here falls within the noted cases and was not manifestly prejudicially erroneous.

For the reasons indicated the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.