WILLIAM YOUNG RADCLIFF *v.* STATE of ARKANSAS

5511                              457 S. W. 2d 847

Opinion delivered September 21, 1970

*E. V. Trimble,* for appellant.

*Joe Purcell,* Attorney General; *Sam Gibson,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, William Young Radcliff, age 17, was convicted of robbery and sentenced to be imprisoned for three years. The only issue argued for reversal is the sufficiency of the evidence.

On September 26, 1969, a disturbance occurred in Little Rock after a high school football game. Randy Alder, 15, testified that a boy whom he was unable to identify put a gun in his back, marched him down the street, and took what money he had, which happened to be only a dime. Robin Gleason, 16, saw the incident and positively identified William Young Radcliff as the youth with the pistol. There was other corroborating

testimony for the State, including that of a police officer who took a statement (which the trial court found to be voluntary) in which young Radcliff said that he had pulled his .22 caliber pistol on another boy and walked him down the street for half a block.

The defendant, testifying in his own behalf, denied having taken any money from the prosecuting witness. Young Radcliff said that he had taken his gun with him for protection against "some boys who were going to jump me at the stadium." He admitted having used the gun in the manner described by the State's witness, but he said that the other boy had a knife, "and I thought he was going to try and harm me with it." Later in his testimony Radcliff said that the gun had been a play gun which he subsequently threw away because he didn't want it.

The essential element of robbery—a serious crime—is the violent taking of anything of value from the person of another by force or intimidation. Ark. Stat. Ann. § 41-3601 (Repl. 1964). "It is immaterial of what value the thing taken is. A penny as well as a pound thus forcibly extorted makes it robbery." *Clary* v. *State,* 33 Ark. 561 (1878). Upon the record before us we have no alternative except to hold that the trial court's judgment is supported by substantial evidence. That finding concludes our inquiry. We should add that the sentence imposed is the minimum fixed by law. Ark. Stat. Ann. § 41-3602.

Affirmed.