**STATE of Missouri, Respondent,**

v.

**Tracy Eugene SAMUEL, Appellant.**

**No. KCD 29352.**

Missouri Court of Appeals,
Kansas City District.

Jan. 30, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 27, 1978.

Application to Transfer Denied
April 10, 1978.

C. B. Fitzgerald, Warrensburg, for appellant.

John D. Ashcroft, Atty. Gen., Stanley Robinson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Tracy Samuel appeals his conviction of robbery first degree and sentence of confinement.

The sole contention on this appeal is the failure of the evidence to support a conviction of robbery. Reversed and remanded.

In June, 1976, George McFarland and his wife, Ruth McFarland, owned and operated a grocery store, filling station and bait shop just off Highway 7 about two and one-half miles west of Warsaw. The building in which the business was located was separate from but near the house where the McFarlands lived. A buzzer had been installed in the business building so that it would sound in the residence when the front door of the business was opened. At the time in question, about 7:30 p. m. but still light, Mrs. McFarland heard the buzzer and went to the business building. When she entered at the back she noted the cash drawer was pulled open and the front door was standing open. She immediately ran to the front of the store and out the front door and saw a man, later identified as Samuel, running toward a car. Mrs. McFarland stated she turned her ankle which slowed her speed but she managed to reach the rear of the car as Samuel was trying to enter. At the same time Samuel had dropped some money on the ground and was trying to scoop this up as he entered the car.

When Mrs. McFarland reached the rear of the car, Samuel pulled a gun and turned around and said, "Lady, don't make me shoot you." Mrs. McFarland noted the license number on the car and turned around. Samuel hurriedly departed in the car.

Samuel contends the evidence fails to show that he obtained any property in the manner proscribed by § 560.120,

RSMo 1969, which contains the elements of robbery first degree. That section requires the property to be taken by violence to the person or by putting the person in fear of some immediate injury.

Samuel contends the evidence here showed at most the offense of stealing because the property was taken without violence or placing Mrs. McFarland in fear. Samuel relies on *State v. Holmes,* 317 Mo. 9, 295 S.W. 71 (banc 1927) and *State v. Vandament,* 299 S.W.2d 532 (Mo.1957). In *Holmes* the defendant went to a home to look at some diamonds which had been advertised for sale. The owner gave the diamonds to the defendant to examine and while he held the diamonds, requested the owner to obtain a glass of water for him. He then followed the owner and drew a revolver, forced her into the basement and made his escape.

The court held the evidence did not show a taking by violence to the person or by placing the person in fear. The court held the owner had fully parted with possession of the diamonds before the gun was displayed. The court held this conclusively proved that the *manucaption* or taking had actually occurred before the owner was put in fear. The court stated at 295 S.W. 73:

> Under the language of our own section 3307, [RSMo 1919] no other conclusion is possible than that the taking of the physical possession of the property must be by violence or by putting in fear. Such violence or putting in fear must precede or be contemporaneous with the taking. Such element being absent in the case at bar, appellant was guilty of no greater crime than that of grand larceny.

The court in *State v. Parker,* 262 Mo. 169, 170 S.W. 1121 (1914) had reached the same conclusion. There the court in considering force or violence which occurred after the actual taking stated at 262 Mo. 169, 170 S.W. 1123[3]:

> We are not aided at all, then, by this latter phase of force and violence, since force to prevent arrest, or to prevent recovery of the stolen property after the asportation of the property is complete and after detachment from the person of the owner of the property is consummated, are not necessary elements of robbery in the first degree. Kelley's Crim. Law, 629; *Thomas v. State,* 91 Ala. 34, 9 So. 81; *Routt v. State,* 61 Ark. 594, 34 S.W. 262; *People v. Stevens,* 141 Cal. 488, 75 P. 62; *Dawson v. Commonwealth,* 25 Ky.Law Rep. 5, 74 S.W. 701. In other words, the violence used in the robbery must precede, or be contemporaneous with, the taking of the property. 34 Cyc. 1799. The presence of force or violence of the latter sort will not serve to make that act of larceny robbery, which without such belated act of force would have been but ordinary larceny. *Thomas v. State,* supra; Kelley's Crim. Law, supra; 34 Cyc., and cases cited, supra.

The court applied the same reasoning in *State v. Vandament, supra.* There the court stated 299 S.W.2d at page 534[2]:

> It is well settled that where the state's evidence shows that the accused had obtained physical possession of the property by stealth and that force and violence or putting in fear was used only as a means of escape, or where the evidence fails to show that possession of the property was obtained by force or violence or putting in fear, the crime is not robbery. The applicable law is reviewed at length in the case of *State v. Holmes,* en Banc, 317 Mo. 9, 295 S.W. 71, 58 A.L.R. 652.

The court again quoted from *Parker* in *State v. Adams,* 406 S.W.2d 608, 610[2, 3] (Mo.1966). *Parker, Holmes* and *Vandament* were also cited with approval for the same rule in *State v. Hawkins,* 418 S.W.2d 921, 925 (Mo. banc 1967). Other cases which have announced the same rule include *State v. Spivey,* 204 S.W. 259, 261[3–6] (Mo.1918); *State v. Hamilton,* 513 S.W.2d 771, 772 (Mo. App.1974); and *State v. Farmer,* 536 S.W.2d 748, 750[1] (Mo.App.1976).

The evidence in this case clearly reveals Samuel had obtained possession of the property without any force, violence or placing Mrs. McFarland in any fear. The only force or intimidation occurred after Samuel had obtained possession of the money and

was attempting to retain possession and make his escape. Under the rule which is firmly ingrained in this State, as shown by cases cited and discussed above, the force, violence or intimidation must precede or be contemporaneous with the taking of the property. Since the evidence did not show the precedent or contemporaneous acts necessary to constitute robbery, the evidence was sufficient only to support a finding of stealing.

The State does not dispute the rule discussed herein but contends the St. Louis District in *State v. Wilborn*, 525 S.W.2d 87 (Mo.App.1975) expanded the definition of taking to include all events subsequent to the discovery of the taking. A quotation from the State's brief will reveal the erroneous view which the State takes of this case. The brief states, "The Court in *Wilborn*, however, held that, when the gas station proprietor entered the room *after the taking*, and, after scuffling with the men, was threatened with force, that this was all one single transaction." [emphasis supplied] However, the court in *Wilborn*, at page 90, stated, "at the time Mr. Caby discovered the man in the back room of his service station, the latter was then engaged in 'ransacking [the] cabinets and money drawers and places where [Mr. Caby kept] the day's receipts.'" Thus, the court in *Wilborn* did not expand the definition of taking or take any different view from the rule discussed herein. In fact, the court specifically recognized the rule as having been announced in *Adams, Hawkins* and *Parker*.

The court considered that case on the fact the taking was still in progress when the attendant discovered such activity. The court adhered to the same rule as discussed herein. The confusion in *Wilborn* results from the facts of the New Jersey case discussed. While the facts in the New Jersey case might lead to a different result under the rule followed in this State, the court in *Wilborn* did not change the rule followed in this State since *Parker*.

■ The State urges the rule apparently adopted in California, that the taking includes the escape, be adopted in this State. This court is without either the power or the inclination to change the rule which is so well founded and which is based on the specific wording of the statute defining robbery in the first degree.

■ The information in this case did, however, include all of the elements of a proper charge of stealing. The judgment is reversed and the cause is remanded for a new trial. *State v. Holmes, supra*, at 317 Mo. 9, 295 S.W. 73.

All concur.