STATE of Missouri, Respondent,

v.

William MARBERRY, Appellant.

No. 44824.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1982.

Jack Duncan, Flat River, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Gary Stevenson, Farmington, for respondent.

CLEMENS, Senior Judge.

The narrow issue here: Was defendant William Marberry guilty of armed robbery when to facilitate escape he threatened the victim with a gun *after* defendant had burglarized the victim's home? We say yes.

The pertinent evidence: When victim Oliver Hulsey came home defendant, armed with a pistol, came out carrying a bag of loot. On defendant's repeated commands to "freeze" and get down Mr. Hulsey

dropped to the ground. Defendant walked over him and left with the stolen goods.

Defense was an alibi.

Here, defendant contends the evidence did not show armed robbery. This, he argues, because he had already stolen the goods when he displayed the weapon. He relies on *State v. Samuel,* 562 S.W.2d 733 [1, 2] (Mo.App.1978). That case, however, was based on an earlier statute, Section 560.120 RSMo. 1969, since repealed.

Here, defendant was charged and tried not under that statute but under the present statute, Section 569.020.1 RSMo. 1978, requiring evidence that defendant *forcibly stole* property while armed with a deadly weapon. By Section 569.010(1)(a) forcibly stealing means taking property by using or threatening to use physical force to overcome resistence either to the taking "or to the retention thereof immediately after the taking".

The state's evidence showed just that: Defendant retained the stolen property by immediate threats to use physical force. We deny defendant's point relied on.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.