William MARBERRY, Appellant,

v.

STATE of Missouri, Respondent.

No. 48538.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 31, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 13, 1985.

Application to Transfer Denied
April 2, 1985.

---

Lenzie L. Leftridge, Jr., Flat River, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant William Marberry (hereafter "defendant") appeals the summary denial of his Rule 27.26 motion.

Defendant had been jury-convicted of armed robbery and burglary and sentenced to consecutive ten and five year prison terms. Affirmed on appeal; *State v. Marberry,* 639 S.W.2d 290 (Mo.App.1982).

Defendant now dually challenges the summary denial of his motion. He first contends trial counsel "failed to call witnesses requested by movant". Second, trial counsel "failed to properly interview and investigate the witnesses to be called by the state". We rule each point in order.

In the motion court's findings and conclusion it held trial counsel's decision not to call witnesses constituted a permissible trial tactic, and also defendant's motion failed to allege facts as to what helpful evidence his counsel could have uncovered by interviewing the state's intended witnesses. These in order.

 Defendant's broad point trial counsel failed to call witnesses is patently inadequate. As ruled in *Shelley v. State,* 655 S.W.2d 126[4] (Mo.App.1983).

> "Movant did not allege what evidence would have been presented or to what witnesses would have testified. Therefore, the trial court did not err in denying movant an evidentiary hearing."

See also *Page v. State,* 632 S.W.2d 293[2] (Mo.App.1982).

Also inadequate is defendant's point his counsel failed to interview prospective state witnesses. As ruled in *Rice v. State,* 585 S.W.2d 488[1–3] (Mo. banc 1979):

"The claim that an attorney's investigation of a case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information and that the information would have aided or improved appellant's position."

See also *Tollison v. State,* 556 S.W.2d 455[1, 2] (Mo.App.1977).

We hold defendant has failed to meet his burden to show the motion court's ruling was clearly erroneous. Rule 27.26(j).

Affirmed.

DOWD, P.J., and CRIST, J., concur.