HOWARD CLARK v. THE STATE.

No. 5675.   Decided March 17, 1920.

1.—Robbery—Definition of Offense—Statutes Construed.

Where, upon trial of robbery by the use of firearms, the evidence showed that the defendant and his companion induced the owner of the car to enter the same for a demonstration drive, saying that they wanted to purchase. a car, and after driving some five or six miles away from the owner's automobile shop, induced him to leave the car momentarily by a trick and then assaulted him with firearms, bound and gagged him and returned to the car and appropriated the same, the same was robbery under Article 1327, Penal Code, and not theft by fraud and artifice.

2.—Same—Other Jurisdictions—Robbery Defined.

Many of the cases cited by appellant are decisions in states in which the statute defining robbery confines the taking to the person, but the Texas Statute supra extends to the possession as well as the person, and the alleged owner not having lost his possession by temporarily leaving the car was still in the care, control, and management of the same, and this although the defendant and his companion had been driving it under the owner's direction. Following Odell v. State, 44 Texas Crim. Rep., 310, and other cases.

3.—Same—Holiday—Fourth of July.

The issuance of a copy of the sheriff's return on the special venire on July fourth did not vitiate the return, following Macklin v. State, 53 Texas Crim. Rep., 200, and other cases.

4.—Same—Special Venire.

The failure of some of the veniremen to respond is not a ground for quashing the writ. Following Hall v. State, 28 Texas Crim. App., 146, and other cases.

5.—Same—Photographs—Evidence.

Upon trial of robbery there was no error to introduce photographs of the locality of the crime in evidence.

6.—Same—Recalling Witness—Discretion of Court.

There is no abuse of the discretion of the trial court shown in permitting the State to recall one of its witnesses. Following Moore v. State, 7 Texas Crim. App., 14 and other cases.

7.—Same—Rehearing—Possession—Definition of Offense.

Where, appellant contended on motion for rehearing that the owner of the automobile, having been induced by defendant by a trick to leave the automobile and go to the place where he was bound and gagged and could not see the car, that the offense if any was theft and not robbery, but the facts showed that defendant acquired possession only after he and his companion had forcibly bound and gagged the owner, the car was still in the constructive possession of the owner although he could not see it at the time, and the offense is robbery and not theft.

Appeal from the Criminal District Court No. 2 of Dallas.   Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of robbery by the use of firearms; penalty: thirty years imprisonment in the penitentiary.

The opinion states the case.

*G. Q. Youngblood,* for the appellant.—On question of definition of offense: Thomas v. State, 9 Southern Rep., 81; Rex v. Harmon, 1st Hale.P. C., 534; Coker v. State, 160 S. W. Rep., 368; Blain v. State, 34 Texas Crim. Rep., 452; Lockland v. State, 45 id., 87; and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—The charge was robbery, and ·punishment fixed at confinement in the penitentiary for thirty years.

The injured party was W. J. Thompson.   Thompson was an employee of the Cameron Auto Company, which was in the business of selling automobiles, and was the owner of a car which was acquired

by appellant and his companion. Appellant and Smith claimed that they desired to buy an automobile, and Thompson on the day preceding the offense demonstrated the car, and on the next day the appellant and his companion called for another demonstration. Thompson told them that he would be otherwise engaged, and that Mr. Cameron would accompany them while appellant drove the car. This did not meet with the approval of appellant, and at his instance Thompson accompanied them, Clark, the appellant, driving the car. Thompson suggested that they go to the Edgewood Addition of the city of Dallas; Smith said; "We know where we want to go." Thompson assented, and the car was driven in another direction. During the trip Clark exchanged seats with Smith, and while he was driving he claimed to have a cramp in his stomach, and stopping the car went to an old house about one hundred yards from the public road, appellant and Thompson remaining in the car, Clark on the front and Thompson on the back seat. After Smith had been absent a few minutes, Clark went to the house, stating that he would see what was the matter with Smith. A few moments later Clark called to Thompson, stating: "I want to show you something funny." Thompson walked from the car to the house, and as he stepped on the porch Clark fell in behind him, and when he entered the door Smith presented a pistol and ordered him to throw up his hands. They, acting together, then bound and gagged him, and tied him to a joist where the floor was turned up. While this was in progress, Smith continued to exhibit the pistol, and the appellant made a statement to Thompson to the effect that they were going to take the car. This they did, leaving Thompson in the condition stated.

The sufficiency of these facts to constitute robbery is challenged on the theory that the property was acquired by artifice and fraud, and not by force, and that the offense was not robbery but theft. In support of this proposition the appellant has filed an instructive brief citing many authorities, most of which we have examined. We are fully in accord with appellant's premise that if the possession of the property was acquired without force the offense would not be robbery. "The violence or intimidation in robbery must precede or be contemporaneous with the taking of the property." Cyc., Vol. 34, p. 1799. From the conclusion, however, that the possession was not acquired by force or violence we must dissent. Our statute on the subject is in substance that if one by assault, or violence, or putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate it to his own use, etc., to which is added that when a firearm or deadly weapon is used the penalty is increased. See Penal Code, Art. 1327. Many of the cases to which we are referred by the appellant are decisions in states in which the statute defining robbery confines the taking to the person. Our statute extends to the possession as well as the person. The distinction is adverted to in Smith v. State, 37 Texas Crim. Rep., 342.

The view that the appellant and his companion were in possession of the car while they were driving it, we think is not tenable. It was under the care, control, and management of Thompson, representing Cameron Company, the owner. The appellant was not, in our judgment, even a custodian of the car. Its operation by him was under the direction of Thompson. Nor do we concur in appellant's suggestion that the car was abandoned in the sense that Thompson lost the possession of it by the artifice which induced him to leave it in the road and go to the house where he was subsequently assaulted and imprisoned. The appellant did not acquire the possession of the property by the fraud or artifice. His acquisition of it was subsequent to and by reason of the assault. By its means he gained possession of the property and deprived Thompson thereof. Thompson's possession continued until the appellant and his companion took actual control of it. Upon this proposition Odell v. State, 44 Texas Crim. Rep., 310, seems directly in point. See also State v. Carroll, 214 Missouri, 400; 21 L. R. A., New Series, 311; State v. Williams, 183 S. W. Rep., 310. The State v. Calhoun, 72 Iowa, 432, is in point on the facts. The statute in that state, however, is more restrictive than ours in that it defines robbery as taking from the person. The accused therein bound the owner of the property and put her in fear, and thereby extorted from her information as to the locality of money belonging to her in another room in the house. Leaving her bound they went into the room, found and appropriated the money. The court said: "We are clearly of the opinion that it was taken from her person in the sense of the word as used in the statute." This case was cited with approval by the Supreme Court of Missouri in affirming the case of State v. Williams, 183 S. W. Rep., 309, a case in which a railroad station master while he was in the waiting room was fired upon and wounded by someone outside of the depot. Subsequently the assailant entered the ticket office and abstracted the money from the cash drawer. This was held a taking from the person. On the facts of this case, the State v. Eddy, 199 S. W. Rep., 187, we think is in point. A man in charge of a drug store was put in fear and caused to lie down behind a prescription case. The accused, leaving him in this position, went to another part of the house and abstracted the money from the cash register. The court held this sustained an allegation that the money was taken from the person, citing Lamb v. State, 242 Missouri, 398; O'Donnel v. People, 224 Illinois, 218; Hill v. State, 42 Nebraska, 503.

The issuance of a copy of the sheriff's return on the special venire on July 4 could not vitiate the return. Webb v. State, 40 S. W. Rep., 489; Dunlap v. State, 9 Texas Crim. App., 186; Pender v. State, 12 Teaxs Crim. App., 496; Macklin v. State, 53 Texas Crim. Rep., 200.

The failure of some of the veniremen to respond is not a ground for quashing the writ. Hall v. State, 28 Texas Crim. App., 146; Jones v. State, 85 Texas Crim. Rep., 538, 214 S. W. Rep., 325.

No error is shown in the introduction of photographs of the locality of the crime. See Branch's Annotated Penal Code, Sec. 1857.

There is no abuse of the discretion of the trial court shown in permitting the State to recall witness Thompson. Knight v. State, 64 Texas Crim. Rep., 541, 144 S. W. Rep., 967; Moore v. State, 7 Texas Crim. App., 14.

The several bills of exceptions have been examined, and in none of them is there error disclosed.

We think the record requires an affirmative judgment which is ordered.

*Affirmed.*

ON REHEARING.

April 14, 1920.

MORROW, JUDGE.—Appellant insists that Thompson having been induced by a trick to leave the automobile on the pike and go to the old out-house a hundred yards distant, from which the automobile could not be seen, the offense committed was not robbery, but theft. The fault in this view, as we endeavored to show in the original opinion, is that the appellant did not acquire the possession of the car when Thompson left it in the road, but acquired it only after he and his companion had forcibly bound Thompson. Our statute makes one guilty of robbery who by assault or violence fraudulently takes from the person or "possession" of another property with intent to appropriate the same to his own use. Art. 1327, Penal Code. In our judgment, Thompson was in possession of the car while it was standing in the road, although he could not see it from where he was situated in the old house, and remained in possession of it until the appellant and his companion by force deprived him of it. The case is not one in which the appellant acquired possession, that is, control and management of the car, by a trick. The office of the trick was to induce Thompson to go to the point where the appellant and his companion might safely assault him, and by violence obtain possession of the car. The authorities referred to in the original opinion are, we think, in point, and the conclusion therein reached correct.

We are therefore constrained to overrule the motion for rehearing.

*Overruled.*