[Crim. No. 1169.  First Appellate District, Division One. — June 6, 1924.]

## THE PEOPLE, Respondent, v. THOMAS PRATT, Appellant.

[1] Criminal Law—Forms of Verdict.—When forms of verdict are submitted to the jury they should be comprehensive enough to cover every phase of the law under the evidence, and should include any kind of verdict that the jury would be warranted in returning after its deliberation, and this is especially so where a statute requires that a verdict of "guilty" shall assess the degree of the crime and the place of imprisonment.

[2] Id.— Rape — Punishment — Prospective Operation of Code Amendment.—The amendment in 1923 of section 264 of the Penal Code, relating to the punishment for rape, by emasculating therefrom the age of the female where the offense is under subdivision 1 of section 261 of the Penal Code, is to be given a prospective operation only, and a defendant cannot have the benefit of its provisions where the offense was committed prior to such amendment becoming effective, although the trial does not take place until subsequent thereto.

(1) 16 C. J., p. 1027, sec. 2460.    (2) 16 C. J., p. 69, sec. 32.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. P. Lacey and Ben F. Jones for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was accused, tried and convicted of the crime of rape.  A motion for a new trial was made and denied.  The accusation was based upon section 261, subdivision 1, of the Penal Code condemning acts of sexual intercourse with females under the age of eighteen years.  The prosecutrix was of the age of fifteen years, and

1.  See 8 Cal. Jur. 409.
2.  See 25 R. C. L. 795.

the act was accomplished upon her with her consent on January 6, 1923. Trial was had in October of the same year, and judgment was pronounced the November following. At the time the offense was charged section 264 of the Penal Code read as follows: "Rape is punishable by imprisonment in the state prison not more than fifty years, except where the offense is under subdivision 1 of section 261 of the Penal Code, and the female is over the age of sixteen years and under the age of eighteen years, in which case the punishment shall be by imprisonment in the county jail for not more than one year, or in the state prison for not more than fifty years, and in such case the jury shall determine by their verdict whether the punishment shall be by imprisonment in the county jail or in the state prison."

It will be observed that under this section a minimum sentence may be imposed by the jury, in their discretion, when the female is over the age of sixteen and under the age of eighteen years, where the prosecution is had under subdivision 1 of section 261. In the exercise of this discretion, therefore, an offense committed under this subdivision could have been made a felony or a misdemeanor by the jury provided the female was over the age of sixteen and under the age of eighteen years.

After the alleged commission of the offense and prior to the trial, verdict and sentence the legislature in 1923 (Stats. 1923, p. 271) amended this section in two particulars. It emasculated therefrom the age of the female, leaving it discretionary with the jury to determine by their verdict whether in any case and irrespective of the age of the female an offense charged under subdivision 1 of section 261 was a misdemeanor or a felony. The amendment also provided that the trial court in the event of a plea of guilty might, in imposing sentence, also exercise a like discretion.

This section as amended in 1923 became effective ninety days after May 18, 1923, which was, as above stated, prior to the trial.

Under these facts appellant claims that the trial court should have instructed the jury on the law as applicable at the time of the trial, and should have submitted for their consideration with the necessary instructions an additional and appropriate form of verdict in conformity with section 264 of the Penal Code, as amended and effective at the time

of the trial; in other words, the claim is made that defendant was entitled to have a form of verdict setting forth a recommendation as to the place of imprisonment included with the forms submitted to the jury, as the trial should have been conducted under the statute as amended.

It is conceded that the forms of verdict submitted would have been proper prior to the amendment because of the fact that the prosecutrix was only fifteen years old and the jury at that time had no discretion to fix the punishment except where the female was over the age of sixteen years.

[1] When forms of verdict are submitted to the jury they should be comprehensive enough to cover every phase of the law under the evidence, and should include any kind of verdict that the jury would be warranted in returning after its deliberation, and this is especially so where a statute requires that a verdict of "guilty" shall assess the degree of the crime and the place of imprisonment. If, therefore, the defendant was entitled to the benefit of the amendment it is clearly apparent that his substantial rights have been affected.

[2] The question is thus presented whether the amendment referred to affects the prosecution and punishment of offenses committed prior to its becoming operative. The situation is analogous to that arising upon the repeal of a statute and the effect of such repeal upon violations of the statute theretofore committed but for which prosecutions have not yet been had. To meet this situation we have in this state a general provision saving from the effect of the repeal such violations, namely, section 329 of the Political Code, which reads as follows: "The repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of any act already committed in violation of the law so repealed, unless the intention to bar such indictment or information and punishment is expressly declared in the repealing statute." In construing this section of the supreme court, in the case of *People* v. *McNulty*, 93 Cal. 427 [26 Pac. 597, 29 Pac. 61], held that a permanent saving clause in the general body of the law, if couched in apt language to express the purpose, is as efficient as a special clause expressly inserted in the particular statute saving the operation of the repealed statute in its applicability to past offenses. It is there further held

that an amendment to a statute as tô the penalty does not apply to offenses committed prior to the amendment. To the same effect is *People* v. *Vincent,* 95 Cal. 425 [30 Pac. 581], where it is held that such amendments do not apply to convictions for offenses committed prior to their enactment; in other words, the amendment must be given a prospective operation only.

In harmony with the views expressed in these cases the district court of appeal of the third district, in the case of *People* v. *Davis, ante,* p. 210 [227 Pac. 494], a case which in its facts is on all-fours with the one at bar—held that the amendment to the statute now under consideration was to be given a prospective operation only, and that the defendant could not have the benefit of its provisions. These authorities are determinative of this case.

The judgment and order denying a new trial are affirmed.

St. Sure, J., and Knight, J., concurred.