[Crim. No. 3063. Second Appellate District, Division One.—March 25, 1938.]

THE PEOPLE, Respondent, v. JOE MELENDREZ et al., Appellants.

Gladys Towles Root for Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

YORK, P. J.—Defendants and appellants herein were charged with and convicted of the crimes of kidnaping for the purpose of robbery in violation of section 209 of the Penal Code, as alleged in count I of the amended information; of rape, as alleged in count II; of robbery, as alleged in count III, and of kidnaping for the purpose of robbery, as alleged in count IV of said information. The two kidnaping charges involved two different victims, one a young woman and the other her companion, a man by the name of Child.

This appeal is taken from the sentence and judgments of conviction and from an order denying motions for new trial.

All of the appellants and one Jesus Pantoja, nicknamed "Chito", drove up in an automobile and stopped across the road and slightly to the rear of another automobile in which the young woman and Child were sitting, this car being parked on a road in the vicinity of Montebello in the county of Los Angeles between 11 and 11:30 o'clock of the evening

of May 23, 1937. Chito was but seventeen years of age and was not made a defendant in the instant action. When appellants' car stopped Chito and Correa got out and were followed a moment or two later by the other two appellants, Melendrez and Olivas. Chito opened the door of Child's car holding in his hand a knife with a five-inch blade, and took a pocketbook belonging to the young woman, which contained a sum of money. She never saw it again. Appellant Melendrez broke a window of the car and sustained a cut on his hand. Chito, holding the knife to Child's stomach, ordered Child out of the car and told him to walk. Child was backed for a distance of from 50 to 75 feet from the car and was required to remain there for about five minutes, during which time the young woman was pulled out of Child's car by appellant Melendrez and forced to the back of the car where she tried to get loose. She struggled, kicked and tried to bite Melendrez and when she started to scream he put his hands on her throat and choked her so that she could not breathe. Melendrez then hit her in the face and on the nose from which beating she sustained a black eye and a bruised face. After being struck a great many times, she fell to the ground. She tried to arise but was very much dazed from the blows she had received, and while on the ground appellant Melendrez committed an act of sexual intercourse upon her. She was then picked up from the ground and shoved into the back seat of appellant's car, Melendrez, who sat on the back seat with her, covering her face and mouth with his hands. Appellants Correa and Olivas occupied the front seat with Olivas driving. After the car was started and in motion, it was slowed down in order to allow Chito, who had been keeping Child away at the point of a knife, to run and jump in; whereupon a gasoline-soaked cloth was placed over the young woman's face. She was then jammed into a corner of the car and while her feet were held by someone in the front seat, two acts of sexual intercourse were committed upon her, one by Chito and the other by a different man, whose face prosecutrix did not see. The car was then driven into the hills of Montebello where it was stopped and the prosecutrix taken out, shoved off the road and down an incline to a hollow spot among a lot of tin cans, where appellant Correa had sexual intercourse with her. As soon as appellants left she ran down the road to a highway and was taken home by

a passing motorist. When the young man returned to his car the key was gone and he ran to a house three-quarters of a mile away where he telephoned to the authorities. Between 1 and 2 o'clock the next morning, Child examined his car but was unable to find either the pocketbook or the key, and never saw either article again.

Appellants complain that the evidence is insufficient to support the verdict as to the crime of kidnaping for the purpose of robbery or to support the charge of robbery. They also maintain that the evidence is insufficient to support the verdict of rape against Olivas and Melendrez, and that the court erred in refusing to give instructions regarding grand theft and petty theft.

Under the facts and circumstances in evidence, it was a matter for the jury to determine just what was the object of the kidnaping. When appellants took Child away from the car and held him against his will and at the point of a knife at a distance therefrom, they committed an act of kidnaping as to him, and by holding him in that position they succeeded in getting away with the proceeds of the robbery. The jury was justified in determining that the young woman was taken away for the purpose and with the intent of making certain their possession of the results of the robbery, in spite of the fact that they committed other crimes upon her, of which crimes they were all found guilty.

It has been held in numerous cases that "the perpetration of the crime of robbery is not completed the moment the stolen property is in the possession of the robbers. Robbery, a combination of the crime of assault with that of larceny, includes, as does larceny, the element of asportation, and this taking away is a transaction which continues as the perpetrators depart from the place where the property was seized" (*People* v. *Raucho*, 8 Cal. App. (2d) 655, 664 [47 Pac. (2d) 1108]) ; that "the escape of the robbers with the loot, by means of arms, necessarily is as important to the execution of the plan as gaining possession of the property". (*People* v. *Boss*, 210 Cal. 245, 251 [290 Pac. 881].) The fact that the appellants may have had the intention of ravishing the female victim at the time they moved her across the street or when they compelled her to depart with them in their car, if such intent then existed, does not eliminate their intent to rob her, and the asportation of the young woman for the double pur-

pose of robbery and rape would of necessity support the conclusion that she was seized, kidnaped and carried away with the intent to commit robbery.

Appellants' objection that nothing was taken from Child is not good for the reason that his car was seized at the time he was removed from it. Not only that, but the key to his car was taken and he never recovered it. Although appellants did not take Child's car, they removed him from the possession of it by force and threats against his life, and by such force and threats of death he was prevented from returning to his car until after they had removed the key therefrom and had departed from the scene. Child was held under the threat of the knife until all of the appellants started away in their car which only slowed down long enough to pick up the party participating in the robbery with them, who is not an appellant herein. There was sufficient evidence to entitle the jury to believe that there was an original intent to rob at the time the appellants stopped their car near Child's car. The fact that the first thing done by appellant after Child and his young woman companion had been threatened with the knife was to seize and take the young woman's pocketbook from the inside of the car in which she and Child had been sitting, and that neither said pocketbook nor its contents was ever returned to her, even though she made demand for such return, furnishes the link, which appellants claim is missing, to prove that they had the intent to commit robbery at that time. When Child was finally released, the ignition key of his car was gone, appellants having stolen it with the idea of escaping with their loot, not knowing what the pocketbook contained, as it was not opened in the presence either of Child or of the young woman. In a conversation with the police, appellant Correa stated that the pocketbook was emptied, the money taken from it and the purse itself thrown away when appellants stopped at the time the young woman was last assaulted, after they had ejected her from their car.

The objection that the evidence is insufficient to support a conviction of the crime of rape against Olivas and Melendrez depends upon a misstatement of the testimony of complainant. The fact that appellant Melendrez himself denied the relation and asserted that he promptly reported the occurrence to the sheriff's office, does not make out his case of mistaken identity. He was a party to the entire transac-

tion—it was he who broke the window in the car; and the prosecutrix was positive in her testimony that he was the one who pulled her out of the car, hit her in the face, knocked her to the ground and committed an act of sexual intercourse upon her while she lay upon the ground. The evidence is sufficient to justify the jury in believing Melendrez was guilty, as charged. All of the testimony is direct and positive that appellants Melendrez and Correa committed the crime of rape against the prosecutrix. ■ The situation as to appellant Olivas is somewhat different in that, while all of the evidence shows the prosecutrix believed that Olivas perpetrated the crime charged against her, her own testimony standing by itself without evidence of the surrounding circumstances would probably be insufficient to convict him of that particular crime. However, there is in evidence his admission made to a police officer immediately after the occurrence that he had sexual intercourse with the complaining witness in the back seat of the automobile which, together with the other facts and circumstances shown by the record, is sufficient to convict him of the offense charged. The shock and strain sustained by prosecutrix during this terrible ordeal would account for any uncertainty in her testimony, and this is especially so by reason of the fact that, at the time of the commission of this crime by appellant Olivas, a handkerchief saturated with gasoline had been placed over her face which nauseated her.

■ The jury was instructed in effect that it could not find any one of the appellants guilty of any of the crimes charged, unless it found beyond a reasonable doubt that such appellant was guilty of the crime or crimes charged; therefore, there can be no prejudice as to any of the appellants by reason of the failure of the court to instruct that appellants could be convicted of a lesser crime. There was no evidence that the lesser crime of theft was committed. When appellants took the young woman's pocketbook they accomplished it by means of force and fear and the threat of a deadly weapon, and when property is so taken the crime is robbery and not theft. Therefore, it is not error to fail to instruct on a lesser offense than the one charged, at least where the evidence shows that if any offense was committed it was the one charged. (See *People* v. *Madison*, 3 Cal. (2d) 668, 676 [46 Pac. (2d) 159].)

The appeal from the sentence is dismissed, there being no such appeal known to our law. The judgments and the order denying motions for new trial are affirmed.

Doran, J., and White, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 21, 1938.