[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 915 
OPINION
Steven Gunter appeals from the judgment entered after his conviction by a jury for second degree robbery with a special finding by the court in a bifurcated proceeding he had served one prior separate prison term for a felony. Gunter argues as a matter of law the evidence at trial was insufficient to establish he used force or fear to take property from the immediate presence of the victim, a mall security guard. He also contends the trial court's imposition of the five-year upper term sentence for robbery based on factual determinations made by the trial judge, not the jury, violated his federal constitutional right to a jury trial underCunningham v. California (2007) 549 U.S. ___ [166 L.Ed.2d 856,127 S.Ct. 856] (Cunningham) and Blakely v. Washington (2004) 542 U.S. 296
[159 L.Ed.2d 403, 124 S.Ct. 2531] (Blakely). We affirm.
 FACTUAL AND PROCEDURAL BACKGROUND The circumstances of Gunter's theft of property from a retail music and electronics store in the South Bay Galleria mall on June 13, 2006, are *Page 916 
Xessentially undisputed. Gunter entered the store in the early afternoon. Juan Sandoval, the on-duty manager, greeted Gunter and saw him walk to the area with Spanish language compact discs, where Gunter remained for approximately five minutes. Sandoval heard a ripping noise coming from that part the store. Gunter, carrying a bag, then walked out of the store and set off its antitheft sensors. Sandoval asked Gunter to return to the store, but Gunter ignored him and kept walking. Sandoval asked another employee to call for security and began to follow Gunter through the mall.
 Two mall security guards, Henry Pittman and Darrell Dozier, responded to the call and saw Gunter, still carrying the bag, outside a large department store near the music store. Dozier spoke to Gunter and told him they were going to take him back to the music store. Gunter reached inside the bag, took out a portable DVD player and attempted to hand it to Pittman while saying, "This is the only thing I stole." Gunter then pushed Dozier and began to run through the mall with the bag. Both Pittman and Dozier gave chase. During the pursuit Dozier grabbed Gunter, who again pushed him out of his way. Dozier injured his ribs as he fell into a store sensor box.
 As Gunter ran out of the mall into a parking lot, he dropped the bag near an exit door. Pittman and a third security officer finally apprehended Gunter in the parking lot and took him into custody. The bag Gunter dropped as he left the mall contained a speaker system with no outside packaging but with the music store's price tag and internal security sensor still attached. No receipts were found on Gunter or in the bag. Sandoval located the speaker system's outer wrapping in the area of the store where he had earlier seen Gunter. He identified both the DVD player and the speaker system as stolen merchandise from his store.
 Gunter was charged in a one count information with second degree robbery (Pen. Code, § 211);[1] Dozier was identified as the victim. The information specially alleged Gunter had suffered two prior theft-related felony convictions and had served a prior prison term for a felony within the meaning of section 667.5, subdivision (b).
 Prior to trial the court declared a doubt as to Gunter's mental competence. (§ 1368.) Following an examination and hearing, however, the court found Gunter competent to stand trial. A pretrial motion by Gunter to replace his appointed counsel was denied. (People v. Marsden (1970)2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44].) Gunter was removed from the courtroom on several occasions during trial because of his disruptive behavior. Gunter did not testify on his own behalf, and the defense presented no other evidence. *Page 917 
 The court instructed the jury on the elements of robbery, including the definition of constructive possession, and explained the circumstances under which a store employee or security guard can be found to be the victim of a robbery. The court also instructed on petty theft as a lesser offense to robbery.
 The jury found Gunter guilty of robbery. After Gunter waived his right to a jury trial, the court found true the special allegations of two prior felony convictions but concluded he had served only one prior separate prison term for a felony within the meaning of section 667.5, subdivision (b).
 The court sentenced Gunter on December 13, 2006, to an aggregate state prison term of six years, the upper term of five years for robbery plus a consecutive one-year term for the prior prison term enhancement. In imposing its sentence the court explained, "You've been on probation before many times. You have been on parole. You failed on both of those. You have a long record. By my calculation you have at least six prior convictions for theft-related offenses. So your prior convictions, considered as a whole, are numerous."
 DISCUSSION 1. The Evidence at Trial Was Sufficient to Support Gunter's Robbery Conviction[2]
 Robbery is defined as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211; seePeople v. Hayes (1990) 52 Cal.3d 577, 626-627 [276 Cal.Rptr. 874,802 P.2d 376].) "The crime is essentially a theft with two aggravating factors, that is, a taking (1) from [the] victim's person or immediate presence, and (2) accomplished by the use of force or fear." (Miller v.Superior Court (2004) 115 Cal.App.4th 216, 221 [8 Cal.Rptr.3d 872] (Miller).)
 Robberies in which the victim and the thief confront each other only after the perpetrator has initially gained possession of the stolen property are sometimes referred to as "Estes robberies" by California attorneys who practice criminal law and the judges before whom they appear. (See, e.g., Miller, supra, 115 Cal.App.4th at p. 223; People v.Gray (1998) 66 Cal.App.4th 973, 990 [78 Cal.Rptr.2d 191].) In Peoplev. Estes (1983) 147 *Page 918 
Cal.App.3d 23 [194 Cal.Rptr. 909] (Estes) a store security guard confronted the defendant in the parking lot after seeing him shoplift some clothing. Rather than surrender the items, the defendant drew a knife, swung it at the guard and threatened to kill him, which prompted the guard's retreat. On appeal the defendant challenged his robbery conviction on the ground "the merchandise was not taken from the `immediate presence' of the security guard." (Id. at p. 27.) The Estes
court rejected that argument, explaining, "The evidence establishes that appellant forc[i]bly resisted the security guard's efforts to retake the property and used that force to remove the items from the guard's immediate presence. By preventing the guard from regaining control over the merchandise, defendant is held to have taken the property as if the guard had actual possession of the goods in the first instance." (Ibid.) The court concluded, "[A] robbery occurs when defendant uses force or fear in resisting attempts to regain the property or in attempting to remove the property from the owner's immediate presence regardless of the means by which defendant originally acquired the property." (Id. at pp. 27-28; accord, Miller, supra, 115 Cal.App.4th at p. 222
["[c]ircumstances otherwise constituting a mere theft will establish a robbery where the perpetrator peacefully acquires the victim's property, but then uses force to retain or escape with it"]; People v. Flynn (2000)77 Cal.App.4th 766, 772 [91 Cal.Rptr.2d 902] ["the willful use of fear to retain property immediately after it has been taken from the owner constitutes robbery"]; see also People v. Phillips (1962)201 Cal.App.2d 383, 385 [19 Cal.Rptr. 839] [affirming robbery conviction of defendant who had attendant pump gasoline into his car and then used force to drive away without paying for gasoline; although the general rule is retention by force or fear of property obtained peacefully does not constitute robbery, California law is contrary; "escape of the robber with the loot is a part of the robbery itself" . . .].)
 Gunter acknowledges the long line of Estes robbery cases holding that force or fear applied during asportation establishes robbery even if the property was obtained peacefully, but, quoting the dissenting opinion inMiller, supra, 115 Cal.App.4th at225 (dis. opn. of McDonald, J.), argues the rule impermissible broadens section 211's definition of the crime of robbery to encompass a forcible "taking or retaining" of personal property.[3] Although Gunter's contention, based on a literal reading of the statutory *Page 919 
language, is superficially plausible, in People v. Cooper (1991)53 Cal.3d 1158 [282 Cal.Rptr. 450, 811 P.2d 742] (Cooper) the Supreme Court held "[t]he taking element of robbery itself has two necessary elements, gaining possession of the victim's property and asporting or carrying away the loot." (Id. at p. 1165.) The Court explained, the robbery itself continues until the stolen property has reached a place of temporary safety: "Although, for purposes of establishing guilt, the asportation requirement is initially satisfied by evidence of slight movement [citation], asportation is not confined to a fixed point in time. The asportation continues thereafter as long as the loot is being carried away to a place of temporary safety." (Ibid., fn. omitted.)
 The Supreme Court in Cooper was considering the question of the duration of a robbery to determine aider and abettor liability, not whether the use of force or fear during asportation alone was sufficient to escalate a theft into robbery, but, significantly for our purposes, the Court expressly noted its reasoning was "consistent with a long line of Court of Appeal cases, left undisturbed by this court, holding that mere theft becomes robbery if the perpetrator, having gained possession of the property without use of force or fear, resorts to force or fear while carrying away the loot. (See, e.g., People v. Estes[, supra,] 147 Cal.App.3d [at pp.] 27-28 . . .; [citations].) In order to support a robbery conviction, the taking, either the gaining possession or the carrying away, must be accomplished by force or fear. (See § 211.) Thus, these cases implicitly hold that the asportation component of the taking continues while the loot is carried away, and does not end on slight movement." (Cooper, supra, 53 Cal.3d at p. 1165, fn. 8.)
 If, as Cooper, supra, 53 Cal.3d 1158 holds, a robbery is a continuous act from the initial taking until the property reaches a place of safety, then pursuant to the long-standing principles announced in Estes
— necessarily accepted in our view by the Supreme Court's approval ofEstes in Cooper — preventing the recovery of property through force or fear is itself a "taking" by force or fear.[4] Accordingly, the evidence fully supports the jury's finding a *Page 920 
robbery occurred when Gunter pushed Dozier and thereby prevented him from regaining possession of the merchandise taken by Gunter from the music store.
 2. Imposition of the Upper Term Sentence Did Not Violate Gunter's Federal Constitutional Right to a Jury Trial
 In sentencing Gunter to the upper term sentence for robbery, the trial court relied on two aggravating factors: Gunter's prior performance on both probation and parole was unsatisfactory (Cal. Rules of Court, rule 4.421(b)(5)) and his prior convictions are numerous (Cal. Rules of Court, rule 4.421(b)(2)). In his opening brief Gunter argued the trial court's imposition of the upper term sentence based on those two factors violated his federal constitutional right to a jury trial underCunningham, supra, 549 U.S. ___ [127 S.Ct. 856] and Blakely, supra,542 U.S. 296.[5]
 In his reply brief Gunter acknowledges under People v. Black (2007)41 Cal.4th 799 [62 Cal.Rptr.3d 569, 161 P.3d 1130] (Black II), decided after the opening brief was filed, he has no right to a jury trial as to whether his prior convictions are numerous or of increasing seriousness (id. at p. 820) and the existence of this one aggravating circumstance established by means that satisfy the governing Sixth Amendment authorities "renders a defendant eligible for the upper term sentence" under the determinate sentencing law, so that "any additional fact-finding engaged in by the trial court in selecting the appropriate sentence among the three available options does not violate the defendant's right to jury trial." (41 Cal.4th at p. 812.)[6] As a result, Gunter's criminal history, properly identified by the trial court as an aggravating factor, *Page 921 
rendered him eligible for the upper term sentence imposed; and his federal constitutional right to a jury trial was not violated by the trial court's sentencing decision.
 DISPOSITION The judgment is affirmed.
 Woods, J., and Zelon, J., concurred.
[1] Statutory references are to the Penal Code.
[2] In reviewing a claim of insufficiency of evidence we consider the entire record in the light most favorable to the People and presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. (People v. Ochoa (1993)6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]; People v. Jones
(1990) 51 Cal.3d 294, 314 [270 Cal.Rptr. 611, 792 P.2d 643].)
[3] While Gunter argues there was no "taking" of the speaker system from the person or immediate presence of Dozier, the named victim, he does not contend the mall security guard, having been called upon to assist in apprehending Gunter by store manager Sandoval, was not an agent of the music store or did not have sufficient representative capacity for the purpose of the robbery. (See, e.g., People v. Nguyen (2000) 24 Cal.4th 756,762 [102 Cal.Rptr.2d 548, 14 P.3d 221] ["the theory of constructive possession has been used to expand the concept of possession to include employees and others as robbery victims" . . .]; compare People v.Bekele (1995) 33 Cal.App.4th 1457, 1461-1462 fn. 3 [39 Cal.Rptr.2d 797] disapproved on another ground in People v.Rodriguez (1999) 20 Cal.4th 1, 13-14 [82 Cal.Rptr.2d 413, 971 P.2d 618] [robbery victim had constructive possession of truck owner's property through owner's request for assistance in stopping theft] with Sykes v.Superior Court (1994) 30 Cal.App.4th 479, 484 [35 Cal.Rptr.2d 571] [security guard for neighboring business lacked constructive possession of stolen property; his relationship to owner of property "was that of a neighbor and good citizen seeking to catch a criminal"] and People v.Galoia (1994) 31 Cal.App.4th 595, 598 [37 Cal.Rptr.2d 117] [alleged robbery victim lacked "`implicit authorization'" of store when he pursued thief; "no one from the store instructed [him] to give chase, and there is no evidence [he] was motivated by anything other than good citizenship"].)
[4] Gunter asserts the Supreme Court is currently considering the continued validity of the Estes line of cases in People v. Gomez, review granted March 22, 2006, S140612. However, as described in the news release announcing the grant of review in Gomez (which, of course, does not necessarily define the specific issues that will be addressed by the Court), Gomez presents the following issue: "Can a defendant be convicted of robbery for using force or fear in the victim's immediate presence while carrying away stolen property, or does such a conviction require that the defendant use force or fear in the victim's immediate presence while taking the property or preventing the victim from regaining it?" As reflected in the now depublished Court of Appeal decision in People v.Gomez (Dec. 14, 2005, G034752), the use of force in that case consisted of the defendant shooting at the victim while the victim was 100 to 150 feet away, a distance from which he could not reach, control or even see the stolen money. The conclusion this conduct does not constitute a robbery would not necessarily conflict with the fundamental holding ofEstes.
[5] In Cunningham, supra, 549 U.S. at ___ [127 S.Ct. 856] the United States Supreme Court disagreed with the decision in People v. Black
(2005) 35 Cal.4th 1238 [29 Cal.Rptr.3d 740, 113 P.3d 534] (Black I) and held California's determinate sentencing law violates a defendant's federal constitutional right to a jury trial under the Sixth and Fourteenth
Amendments to the United States Constitution by authorizing the trial judge to make factual findings that subject a defendant to the possibility of an upper term sentence.
[6] Although the Black II Court reaffirmed pre-Cunningham appellate decisions broadly construing the Almendarez-Torres v. United States
(1998) 523 U.S. 224 [140 L.Ed.2d 350, 118 S.Ct. 1219] prior conviction or "recidivism" exception to the Sixth Amendment jury trial requirement for sentencing factors (see Black II, supra, 41 Cal.4th at p. 820), the Court did not expressly address whether under that exception the trial court was permitted to determine a defendant's prior performance on probation or parole was unsatisfactory. Because the finding Gunter's prior adult convictions were numerous supports the court's decision to impose the upper term in this case, we need not address that issue. *Page 922