

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SMITH DE JESUS PENA-ROJAS, AKA Smith Dejesus Penarojas,<br><br>          Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>          Respondent. | No.   17-70274<br><br>Agency No. A041-588-479<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 10, 2018
San Francisco, California

Before: WARDLAW and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Smith de Jesus Pena-Rojas ("Pena") petitions for review of the Board of

Immigration Appeals' ("BIA") determination that his conviction for California

robbery, California Penal Code § 211, categorically constitutes an aggravated

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

felony theft offense, 8 U.S.C. § 1101(a)(43)(G), rendering him removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Because the BIA conducted its own review, "our review 'is limited to the BIA's decision, except to the extent the IJ's opinion [was] expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)). "We review de novo the BIA's conclusions on questions of law—including whether a particular state conviction is a removable offense under the INA—except to the extent that deference is owed to the BIA's interpretation" of statutes it administers. *Fregozo v. Holder*, 576 F.3d 1030, 1034 (9th Cir. 2009). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Pena's petition.

Pena's California robbery conviction under California Penal Code § 211 is categorically an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G). Generic theft is (1) the taking of property or exercise of control over property (2) without consent (3) with the criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189 (2007). The elements of Section 211 robbery are (1) the felonious taking of personal property in the possession of another, (2) from his person or immediate presence, (3) against his will accomplished by means of force or fear. Cal. Penal Code § 211; *see People v.*

2

*Gomez*, 179 P.3d 917, 920 (Cal. 2008) (stating that California robbery, which is "a species of aggravated larceny," must be executed "with the intent to steal and carry" the property away). Pena argues that conduct reached by both the "felonious taking" element and the "against the will" element are broader than generic theft's nonconsensual taking. We disagree.

California robbery does not criminalize consensual takings. We have previously concluded that "against the will" in California robbery "simply means 'without consent.'" *United States v. Becerril-Lopez*, 541 F.3d 881, 891 n.8 (9th Cir. 2008) (quoting CALJIC No. 9.40). Neither case cited by Pena involved consensual takings. *See People v. Smith*, 100 Cal. Rptr. 3d 24 (Cal. App. 2009) (affirming robbery conviction where individuals in cahoots with a jewelry store owner cut a hole in a wall to access the store and forced employees to non-consensually open the jewelry safe); *People v. Phillips*, 19 Cal. Rptr. 839, 840–41 (Cal. App. 1962) (affirming robbery conviction where individual pointed gun at gasoline attendant after he had started to pump gas, told him "[m]ove and your [sic] dead," and ultimately drove away without paying for gas).

The fact that "felonious taking" in California robbery includes both achieving possession of property ("caption") and carrying the property away ("asportation"), *Gomez*, 179 P.3d at 920, does not render it broader than generic

3

theft, because generic theft reaches both nonconsensual takings and nonconsensual exercises of control over property. Therefore, an individual convicted of California robbery based on aiding and abetting asportation is an aider and abettor to generic theft. *See Duenas-Alvarez*, 549 U.S. at 194 (holding that generic theft includes aiding and abetting generic theft); CALJIC No. 3.01 (jury instruction for aiding and abetting that requires aider and abettor to have knowledge of the unlawful purpose of the perpetrator and to act with the intent or purposes of committing or encouraging or facilitating the commission of the crime); *People v. Dryden*, No. G033990, 2005 WL 1231732 (Cal. Ct. App. May 25, 2005) (unpublished).

For the same reason, California robbery is not overbroad for including fraudulent takings where asportation is achieved through force or fear, thereby satisfying the "against the will" element. *See Gomez*, 179 P.3d at 922 ("[T]heft becomes robbery when the force or fear is used for the first time during asportation."); *People v. Bailey*, No. A147673, 2017 WL 3699875, at *1 (Cal. Ct. App. Aug. 28, 2017) (unpublished), *review denied* (Nov. 1, 2017); *see also Carrillo-Jaime v. Holder*, 572 F.3d 747, 751 (9th Cir. 2009), *abrogation on other*

4

*grounds recognized by Lopez-Valencia v. Lynch*, 798 F.3d 863, 871 n.6 (9th Cir. 2015) (holding that generic theft does not include theft by false pretenses).[1]

**PETITION DENIED.**

---

[1] The Federal Defenders' motion to file a late amicus brief, the government's motion to file a response to the amicus brief, and Pena's motion to file a reply brief are all granted.